HEPBURN *vs.* HEPBURN.

*In the matter of the Estate of* DAVID HEPBURN, *deceased.*

Where the whole estate, real and personal, was given for life to S. and G., with remainder in fee to the issue of G., and in case he died without issue, then over; and the executors were authorized to take charge of, and rent the real estate, invest the personal estate, and pay the whole income to the life tenants,—Held, that all ordinary taxes, assessments, interest on incumbrances, and charges for repairs, should be kept down and paid out of the income.

Legacies ordinarily carry interest from the time they are payable, which is usually a year after the testator's death. The bequest of a life-estate to a child, or to a widow in lieu of dower, are exceptions to the general rule; and in such cases the legatees take interest from the testator's decease.

An executor is not bound to prosecute a claim of very doubtful character, at the request of parties having only a contingent interest in the estate, unless they indemnify the estate against the costs.

Where there are life estates in personalty, and the will directs the fund to

be invested, the investment should be made for the security of the parties who shall ultimately be entitled to the capital.

Where real and personal estate are mingled together, and disposed of in the same way, the personalty may be applied to the payment of a mortgage on the realty, if that be a safe investment, and necessary for the preservation of the property. Interest accumulated before the testator's decease should be paid out of the principal, and not out of the income accruing after his death.

S. F. CLARKSON, *for Petitioner.*
JOHN LEVERIDGE, *for Executrix.*

THE SURROGATE.—The testator by his will gave " the rents, income, and profits of all his estate, real and personal, to his wife, and son George, equally to be divided between them during their joint lives," with remainder in fee to the issue of George, or, in case he died without issue, the remainder to be distributed among other legatees ; for the purpose of which distribution a power of sale was given to the executors. On being cited to account by some of the parties entitled to the residue on the contingency of George dying without issue, the executrix claimed, in her account, certain credits for taxes, repairs, and interest on mortgages, paid by her out of the principal of the estate.

The will authorizes the executors to take charge of and rent the real estate, collect the rents and income, invest the personal estate in stocks, or on bond and mortgage, collect and receive the income and profits thereof, and pay and divide the same between the testator's son and wife for life.

The rule in this State is, that the real estate must bear its own burdens, and the personal estate cannot be resorted to for the purpose of discharging bonds and mortgages. But here the testator has thrown his whole property into one fund, and designed that his wife and son should receive the entire net income for life. There is no strife between the two classes of property. The same parties are interested in both equally. The testator's intention would be answered by the payment of a mortgage on the real estate, if it were a good investment, or necessary for the preserva-

tion of the property, instead of an investment on bond and mortgage elsewhere. The whole estate consists of a mixed fund, devoted to the same general uses ; and as the intention is clear that the life-tenants shall receive the whole income, it is but just that interest accumulated on mortgages before the testator's decease should be paid out of the principal of the estate, and not out of future accruing income. But all ordinary taxes, assessments, interest, and charges for repairs, since the testator's death, must be paid out of the income, after which deductions the life-tenants will receive the balance. The widow and son must be allowed interest on the surplus of the personal estate remaining after the payment of the debts, from the death of the testator. Legacies, ordinarily, are not payable until the expiration of a year, and they carry interest only from the time they are payable. But the bequest of a life-estate to a child, or to a widow in lieu of dower, are exceptions to the general rule ; and in such cases the legatees take interest from the testator's decease. (*Fearns* vs. *Young*, 9 *Vesey*, 549 ; *Williamson* vs. *Williamson*, 6 *Paige*, 298.)

Before letters testamentary were issued, No. 550 Pearl-street, belonging to the testator, was sold on foreclosure, and the executrix received the surplus moneys remaining after payment of the incumbrance. This surplus is part of the capital of the estate, and must be accounted for as such.

It appears that in the life-time of the testator, he held a bond and mortgage of S. N. Burrill, secured on real estate, which the latter subsequently conveyed to the testator. The legal effect of the conveyance was to cancel the mortgage ; and the mortgagor, who was examined on the part of the objectors, also states that the deed was given and received in discharge of the entire claim. The circumstances are sufficient to exonerate the executrix from any liability for her alleged misconduct in failing to prosecute the mortgagor, if he be chargeable at all on his bond. The bond and mortgage have never been in her possession ; and in view of the whole transaction, it would not be justi-

fiable to compel her to prosecute a demand, to say the least, of so doubtful a character, unless the objectors should indemnify the estate against the costs and expenses.

The executrix has been at fault in not investing the personal estate, as directed by the will; and the fund must be invested in the mode prescribed by the testator, as well because he has so directed, as for the security of the parties who may ultimately, upon a certain contingency, be entitled to the capital of the estate.