ROBERT B. WHEELER v. THOMAS H. BREM, Ex'r, &c.

1. WILL: WHEN GENERAL LEGACY PAYABLE: INTEREST ON SAME.—When the legatee is not a child of the testator, a general legacy is payable at the end of one year from the testator's death, unless otherwise provided in the will; and interest will be recoverable from that time, although payment was not then demanded.

2. SAME.—The rule which allows interest upon a legacy to a child, from the testator's death, does not extend to grandchildren, or to the illegitimate offspring of the testator.

3. SAME.—The rate of interest which a legatee is entitled to recover is six per centum per annum.

APPEAL from the Probate Court of Madison county. Hon. I. M. Simmons, judge.

*Davis* and *Hill*, for appellant,

Cited 2 Maddox Chancery, p. 78 et seq., and authorities there cited. Toller, on Ex. Tit. Legacies, Interest; 3 Ves. Jr. 12; 3 Ves. & Beames, 183; 9 Ves. Jr. 483; 1 Ves. 42; 2 P. Wms. 25; 16 Ves. Jr. 333; 6 Ib. 345; 4 Ib. 175.

*H. A. H. Lawson*, for appellee,

Cited *Houghton* v. *Harrison*, 2 Atk. 336; *Battle* v. *Freeman*, 3 Ib. 101; *Cricket* v. *Dolby*, 3 Ves. Jr. 10; 4 Brown Ch. 149, note; 1 Ves. 211; *Beckford* v. *Tobin*, 1 Ves. 310; *Lowndes* v. *Lowndes*, 15 Ves. Jr. 301; 2 Johns. Ca. 200; 14 Mass. 429; 12 N. Hamp. 37; 1 Tuck. Com. 444; *Miles* v. *Bowden*, 3 Pick. 213; 2 Dall. 183.

HANDY, J., delivered the opinion of the court.

This was a petition by the appellant to the Probate Court of Madison county, against the appellee, as executor of Thomas B. Hoover, deceased, for the payment of a legacy in the following clauses of the last will and testament of the testator.

"12. I give and bequeath unto Robert B. Wheeler, of Wilmington, &c., the sum of fifteen thousand dollars, to have and to hold the same in trust for the use and benefit of his three children born to him by his wife Jane, now deceased, and their heirs."

And by another clause of the will, he directed that if Wheeler should come before the testator's death and receive from him the above legacy, in that case his executor should not pay the legacy, but should he not receive the legacy, that it should be paid by his executor.

The legatee did not receive the amount of the legacy from the testator, and more than twelve months had expired, after letters testamentary were granted upon the estate, and before the filing of the petition.

The record shows that there were no debts against the estate, and that the testator left ample means to pay the legacy, and that the children, in whose behalf the legacy was left, were the children of a reputed illegitimate daughter of the testator, and were minors.

The court decreed the payment of the legacy, with interest, at the rate of six per cent. per annum, from the time of demand of the legacy from the executor, which was more than twelve months after the testator's death, and the legatee appeals.

The first position taken in behalf of the appellant is, that he was entitled to interest from the date of the testator's death.

The children for whose benefit the legacy was given were the offspring of an illegitimate child of the testator, and his grandchildren. It is well settled, that when a general legacy is given to any one but a child, and no time is fixed for its payment, it is considered as payable one year after the testator's death, and interest begins from that time. But the rule allowing interest upon a legacy to a child, from the testator's death, extends to none but children, unless the will indicate an intention that it shall be paid at an earlier period than that generally recognized by law. It, therefore, does not extend to a grandchild or to an unlawful child.

*Lapton* v. *Lapton*, 2 John. Ch. Rep. 614; *Lowndes* v. *Lowndes*, 15 Ves. Jr. 301; 2 Barr (Pa.), 221.

It is suggested that the will indicates the immediate payment of the legacy. The direction is merely that the legacy shall cease, provided the legatee should receive the amount of it from the testator before his death; and otherwise, that the executor should pay it. But no indication is given as to the time of payment by the executor, nor does the will show any circumstances evincing a desire by the testator as to the time of the payment by the executor, or any necessity for an early payment, from the situation of the children.

We think, therefore, that there is nothing to take the case out of the general rule, and that the legatee was entitled to interest at twelve months from the date of the testator's death.

It is also contended, that the interest should be computed at a higher rate than that allowed by law for ordinary contracts. It cannot be regarded as a loan of money to the executor, and there is no law authorizing the allowance of more than the ordinary rate of interest, fixed for all other contracts except the loan of money. The rate of interest in the matter should therefore be six per cent. per annum.

The decree is reversed, and the case remanded, to be proceeded with, in conformity to the aforegoing views.