Bapallo, J.
The right of the plaintiffs to recover in this action depends upon the construction to be given to the agreement sued upon. This agreement was not a lease, but a special contract, whereby the plaintiffs, in consideration of payments stipulated to be made by James Shaw, consented and agreed that he might use the stores in question during a period of five years, for purposes which were prohibited by the lease from the plaintiffs to Boggs & Edmonston, of whom Shaw was the under-tenant. For this privilege, or waiver of their rights, it was competent for Shaw to agree to pay to the plaintiffs such sum as might be determined upon between 1 them, either in gross or in annual payments. He agreed to pay $1,500 a year, and the insurance. The only question is whether, by his contract, he bound himself absolutely to make these payments during the whole period of five years, or only so long as he should continue in the tenancy of the premises. There is no rule of law by which the surrender of his lease by Shaw to Mr. Boggs necessarily, had the effect of terminating his liability under his agreement with the plaintiffs, who were not parties to such surrender. The duration of his liability depended upon the terms of the contract itself; and we think that the true construction of the contract is that Shaw, in consideration of receiving the privilege for five years, bound himself to make the payments and keep up the insurance during the five years. The plaintiffs bound themselves absolutely for the five years, and Shaw reserved no *605 right to terminate his obligations by ceasing to avail himself of the privilege, or by surrendering his term. The surrender was his voluntary act, to which the plaintiffs were strangers, and did not relieve him from his agreement with them. Their consent, or some default on their part, was necessary to terminate that agreement.
The judgment should be affirmed.
All concur.
Judgment affirmed.