NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—MARCH, 1877.

## WHEELER *v.* RUTHVEN.

*In the matter of the Settlement of the decree on the accounting of the executor of the last Will and Testament of* CLEMENTINA RUTHVEN, *deceased.*

Where the sole assets of a testator consists of an estate in remainder, which does not fall in until some year after the testator's death, interest on legacies under his will is allowable only from the time such assets come into the executor's hands by the death of the life tenant, and not from a year after testator's death.

The rule as to a reduced rate of interest on legacies where less than the the full rate has been realized applies only as between the executor and the estate; not as between the legatee and the estate.

THIS was a proceeding for the final accounting of the executor of Clementina Ruthven, deceased.

The testatrix made her will dated August 20th, 1862, which was probated in 1863, and in 1866, letters were issued by one Owens, as executor, who died soon after, and on November 6th, 1874, letters were issued to James A. Ruthven, the accounting executor.

The only estate of the testatrix, consisted of a residuary interest in certain property left by her father's will in which her mother had a life interest. The life tenant did not die until 1873, and up to that time no assets came to the hands of the executor.

In 1874, after the death of the life tenant, the present executor came into possession of the residuary estate, consisting of about $30,000 in cash, and the undivided half part of a house and lot in 23d street, New York.

By her will, the testatrix gave some twenty-one general cash legacies to Wheeler and others, and by the twenty-second clause, she provided that in case her

estate should not be sufficient to pay all the legacies, those mentioned in the first fifteen clauses, should be first paid, *pro rata*, and that the balance after such payment, if any, should be applied *pro rata*, to the succeeding legacies.

The fifteen legatees named claimed interest upon their legacies respectively, from one year after the decease of the testatrix, upon the general principle that legacies are payable one year from the death.

M. S. THOMPSON, *for the executor.*

CHARLES EDWARDS SOUTHER, WM. VENVILL, JONATHAN EDGAR *and others, for the legatees.*

THE SURROGATE.—The general rule stated by the counsel of the legatees who claim interest on their legacies from the death of the testatrix, or from one year thereafter, is fully sustained by the authorities cited. (*Williamson* v. *Williamson*, 6 *Paige*, 300; *Hepburn* v. *Hepburn*, 2 *Bradf.*, 74; *Lawrence* v. *Embree*, 3 *Id.*, 364; *Bradner* v. *Faulkner*, 12 *N. Y.*, 472; *Campbell* v. *Cowdry*, 31 *How.*, 172.

In *Wood* v. *Peneyre* (13 *Vesey*, 325), the general rule is stated to be that the personal estate is deemed to be reduced into possession within a year after the death of the testator, and upon that ground interest is payable on legacies from that time, unless some other period is fixed by the will. Actual payment may in many instances be impracticable within that time, yet in legal contemplation the right to payment exists, and carries with it the right to interest until actual payment. In *Pearson* v. *Pearson* (1 *Schoales & Lesfroy*, 10), the rule with respect to the legacies out of personal estate is said to be taken from the practice of ecclesiastical courts, where a year is given to an executor to collect the effects, and he cannot be called upon to pay before that

time, because he cannot know until then, what amount there is to pay, in the case of legacies charged upon lands only where no day of payment is fixed, interest must be chargeable from the death of the testator, or not at all. In that case the Chancellor said that whether the funds bear interest or not, is entirely immaterial in the case of pecuniary legacies, and he cited the case of *Gearing* v. *Parker* (not stating where it is to be found) to the effect, that where the fund did not become disposable for payment of legacies till nearly 40 years after the death of the testator, the legacies were held to bear interest from the expiration of twelve months, if their should at any time be a fund for their payment.

These early English authorities seem to be the only ones apparently sustaining the claim of the first fifteen legatees in this matter, but they are also entirely unlike the present, for in this case, the testatrix had no control over the estate except for its disposition, subject to the life interest of her mother, and from the circumstances of the case, it seems impossible that she should have supposed she was devising a present interest, with the present beneficial enjoyment, for she knew that she had no right to its possession, and unless there is some imperative rule of law over-riding an obvious consideration of equity, I should be disinclined, to deny the legatees mentioned in the latter part of the will, any right in the estate, by absorbing the whole of the estate in interest upon the fifteen legatees mentioned.

*Roper on Legacies* (2d volume, 1245), states the principle to be, that interest is payable on money generally, on the ground of delay in liquidation of the principal, and that it may be stated as a general rule that interest is payable on legacies from the time at which the principal becomes actually due.

In *Davis* v. *Swan*(4 *Mass.*, 205), the same principle is laid down, that the interest is to be computed from the time when the legacy is payable; and according to Roper (*p.* 1245), where the time of payment of general legacies is fixed by the testator, as for instance when the legatee shall attain twenty one, or any other definite period, legatees will not in general be entitled to interest before the arrival of that period, for the reason that interest can only be due where there is delay in payment of the principal. The author then proceeds to state the exceptions to this rule, which are legacies for the support of children, to the widow, in lieu of dower, &c. (See also *Willard on Executors* 90.)

In *Bradner* v. *Faulkner*(12 N. Y., 472,) Chief Justice GARDNER says: " It is, however, enough for the appellants that the matter is left in doubt. They can rely upon the general rule, that no interest will accrue until it becomes by law the duty of the executors to pay the legacy." In *Lupton* v. *Lupton* (2 *Johns.* Ch., 614), it is held that a legacy, payable at a future day, does not carry interest until after it is payable, unless it is given to a child, and the parent by the will has made no other provision for its maintenance.

In *Dodge* v. *Manning*( 1 N. Y., 298), the testator by his will gave all his real and personal estate to his wife, during her life, and after her death to his grandson; to his granddaughter he gave a legacy to be paid by his grandson out of the estate, in one year after he should become of age. He became of age 1830, but the widow's life estate did not terminate until 1832; it was held that the legacy was not payable until the termination of the life estate.

After a careful examination of all the authorities to which I have had access upon this subject, and a full consideration of the principles upon which interest upon

legacies is allowed, as well as from the obvious injustice which would result from a different determination, I cannot resist the conclusion that the legacies in question do not bear interest until the decease of the life tenant. (See *Birdsall* v. *Hewlett*, 1 *Id.*, 32 ; *Glen* v. *Fisher*, 6 *Johns. Ch.*, 33.)

I am of the opinion that the account should be settled, and distribution made in conformity to that rule.

It must be admitted that there are some well considered authorities apparently adverse to this conclusion, but the general principle of interest being chargeable only from the time when the legacies are payable, together with the obvious overmastering equity of this case, leaves no reasonable doubt as to how the question should be determined in this particular case.

As to the question of so-called succession tax, it is quite clear that the estate of the testatrix ves ed in the legatees at the time of her death, October 28th, 1862. As to personal taxes of the City of New York, in case it shall appear that the decree cannot be perfected, and the estate distributed in time to avoid the payment of such taxes, there would seem to be no substantial danger to the estate in reserving a sufficient fund in the hands of the executor to pay any such taxes, if enforced.

----

This matter came up again upon the settlement of the decree, on a question as to the rate of interest to be paid on the legacies.

THE SURROGATE.—I am of the opinion that the legacies given by the will of the deceased, bear interest

from the time they became payable at the rate of 7 per centum per annum.

Wherever interest is recoverable by reason of the non-payment of money due, it is presumed to be at the lawful rate of interest.

It is true that as between an estate and the executors or trustees, sometimes interest is not allowed at all, at others it is allowed at a reduced rate, because no greater interest could be realized, or because of the good faith of the executors, or trustees in the management of the estate. *King* v. *Talbot*, 40 *N. Y.*, 76.

The question of interest in this matter is between the legatees and the estate, and not between them and the trustees, and I entertain no doubt, that when interest upon legacies becomes payable it is payable at the current rate.

The decree should be settled upon that basis, and if the personal property shall prove insufficient to pay the legacies, proceedings will have to be taken for the sale, or mortgage of the real estate for the purpose of making up the deficiency, unless the residuary legatee, shall elect to advance sufficient to make up the deficiency.

Decree accordingly.