GEORGE E. P. HOWARD and others, executors, &c.,

*v.*

MARY ANN FRANCIS and others.

1. Where a testator leaves real estate, of which his widow is dowable, a legacy given to her in lieu of her dower, does not, as between legatees, abate on deficiency of assets but is entitled to preference over other gifts merely voluntary.

2.—(1) Interest on a legacy given to a widow in lieu of dower is to be computed from one year after the testator's death ; (2) interest on a legacy to a minor child, from the date of testator's death ; (3) interest on a legacy to an adult child, from one year after such death ; (4) on a legacy to grandchildren, from one year after such death.

3. Executors vested with absolute power to sell real estate, are authorized to do all that is necessary in the way of insurance, superintendence, repairs and taxes, to preserve the property until sale.

Bill for construction of will and directions. On bill, answers and consent of counsel.

*Messrs. G. E. P. Howard* and *W. H. Francis, in pro. pers.*

*Mr. F. A. Johnson,* for Mary Ann Francis.

THE CHANCELLOR.

Ebenezer Francis, late of the city of Newark, deceased, by his will, after directing payment of his debts and funeral expenses, gave and devised to his wife, Mary Ann, during her widowhood, the house No. 302 Washington street, in Newark, where he, at the date of the will (July 27th, 1876), resided, with remainder in fee, on her death or remarriage, to his daughter Mary McLean, and providing that, if his daughter Mary McLean should predecease his wife during the widowhood of the latter, the property should go to the latter in fee. He then gave all his personal estate, except such as belonged to his business firm, to his wife as her

Howard *v.* Francis.

absolute property. He then gave to his executors $10,000, to be held by them in trust for his wife and his daughter Mary McLean, the income thereof to be paid to his wife during her life, and that of his daughter Mary McLean, for their support and maintenance; on the death or remarriage of his wife, in the life-time of his daughter Mary McLean, the principal sum and any unexpended income remaining in the hands of the executors, to be paid over to his daughter Mary McLean, if then of full age, but if not, then the executors to continue to hold the principal sum in trust for her until she should attain to her majority, they to expend so much of the income for her support as might be necessary, and on her attaining to her majority to pay over to her the principal sum, with any of the income thereof remaining in their hands; but if she should die during the widowhood of his wife, then the principal sum and any income thereof remaining at her death in the hands of the executors, to be paid over by them to his wife. He then gave to his executors $10,000, to be held by them in trust for his daughter Emma and her two children, the income to be paid to her in half-yearly payments, for the support and maintenance of her and her children during her life, and provided that, on her death, the principal sum and any unexpended income in the hands of the executors be paid in equal shares to her children, if then of age, and both survive their mother, but if only one of them survives the mother, the whole to go to that one; and if the children, or either of them, should then be under age, the executors to continue to hold the principal sum, if both are under age, or the share of the one under age, if only one be under age, and receive the income, expending so much as necessary for support of such minor children or child, and pay over the principal sum, with the unexpended income in their hands, to the children or child, on their or his or her attaining to full age. He further provided, that if his daughter survive both children the principal sum and unexpended income in the hands of the executors go to his daughter Emma, and if her husband

survive her and her children the principal and unexpended income to go to him. He then gave to his executors $5,000 on a similar trust, for his son Ebenezer and his (the son's) wife and child. And he gave the residue of his estate in augmentation of the several sums so given in trust for his wife and his daughter Mary Ann, his daughter Emma and her children and husband, and his son Ebenezer and his wife and child. He then declared that neither the house in Washington street, nor the personal property given to his wife, was in any case to be subject to or charged with the payment or discharge of the legacies before given, or his debts; and that the provision in his will for his wife was in lieu of her dower in his estate. He then gave his executors power to sell and convey his real estate, and authorized and empowered them to use their own discretion in the settling up and adjusting of his interest in and in connection with his partnership business, both as to time and manner, having in view the welfare of the estate, and the good of those who, under the provisions of his will, he desired should receive the benefit of the results of his long-continued business life.

The testator died July 27th, 1876. He left but little personal estate, except that which belonged to his copartnership, and no real estate, except the house in Washington street, devised to his wife, and his interest in his factory premises, which is a large and valuable property in Newark. Out of the personal estate received from the copartnership the executors have paid his funeral expenses, certain expenses of the administration, and his debts and taxes upon his real estate; and they have also made payments therefrom for the support and maintenance of the widow and her minor child, the testator's daughter, Mary McLean. They have in hand, including money invested (some $8,000), about $11,783.34. They will realize no more from the estate until they sell the factory premises, for which, owing to the depressed condition of the real estate market, it is impossible now to find a purchaser at an adequate price, or to sell it without very great

Howard *v.* Francis.

sacrifice.   In the amount received by them from the part-
nership business there was included some interest money.
They have received some rent from the factory property
(there are some small dwelling-houses on it besides the fac-
tory buildings), and will probably continue to receive rents
from it.   There is a mortgage of $5,000 upon those prem-
ises, the interest of which must be provided for, as well as
insurance upon the buildings and taxes, and the costs of
superintending and taking care of the property, a large part
of which is not occupied.

The executors ask instructions as to their duty in the fol-
lowing respects:   Whether, under the circumstances, they
should first invest the legacy of $10,000, given to the widow,
and whether the investments already made should be held
on account thereof, or whether those investments are to be
held on account of the legacies to the widow and the testa-
tor's daughter Emma and his son, respectively; if the
legacy of $10,000 to the widow is entitled to priority, from
what time it draws interest, and whether the executors
should pay the expenses of the factory premises before
mentioned, out of the rents of that property.

The mere fact that the legacy of $10,000 in trust for the
widow and her daughter is in the will given prior, so far as
respects the order in which the gifts are stated, to the other
legacies given in trust, would not, of itself, avail to give pri-
ority in payment to it, or to exempt it from abatement if
there should be deficiency of assets to pay all the legacies
in full.   *Titus's Adm'r* v. *Titus*, 11 *C. E. Gr.* 111.   But the
legacies given to the widow are given in lieu of dower, and
such legacies do not, where the testator, as in this case,
leaves real estate of which the legatee is dowable, abate on
deficiency of assets.   2 *Redf. on Wills* 551; 1 *Roper on Leg.*
431.   Such legacies are held to be given for a valuable con-
sideration, the relinquishment of a valuable right or interest,
and not merely of bounty, and, therefore, they are regarded
in the light of purchase-money, for such right or interest is
held to be, and for that reason entitled to preference over

gifts merely voluntary. And, as the testator is the best judge of the price at which he is desirous of purchasing any such right or interest, the right of preference is not affected by the consideration that the bequest happens to exceed the value of it. 1 *Roper on Leg.* 433.

There is a class of cases in which it is held that a legacy given to a widow, in lieu of her dower, is, if no other means are provided for her support, entitled to interest from the testator's death, because it is given in lieu of that from which she might have derived immediate profit, and is in the nature of provision for the payment of a debt. *Williamson* v. *Williamson*, 6 *Paige* 298; *Hepburn* v. *Hepburn*, 2 *Bradf.* 74; *Parkinson* v. *Parkinson*, *Id.* 79; *Pollard* v. *Pollard*, 1 *Allen* 490; 2 *Wms. on Ex'rs* 1425 *n.*; *Irly* v. *McCrae*, 4 *Desauss.* 422, 423. In this court, however, in *Church at Acquackanonk* v. *Ex'rs of Ackerman, Sax.* 40, 43, the consideration that a legacy was given in lieu of dower, appears to have been regarded as of no consequence in determining the time from which it should bear interest, and it was held that the legacy in that case, which was given in lieu of dower, bore interest only according to the common rule, notwithstanding the fact that the legatee was, at the testator's death, dowable of lands of which he died seized. The testator's minor child, who has no other means of support, is entitled to interest on her legacy from the death of the testator. 2 *Roper on Leg.* 1257; *Cox* v. *Corkendale*, 2 *Beas.* 138. But the fact that the legacy is given for support, will not, of itself, entitle the legatee, though a child of the testator, to interest from the death of the testator, if the legatee be an adult. Nor are grandchildren entitled. 2 *Roper on Leg.* 1271, 1272; 2 *Wms. on Ex'rs* 1424, 1425; *Sullivan* v. *Winthrop*, 1 *Sumn.* 1, 15; *Hennion's Ex'r* v. *Jacobus*, 12 *C. E. Gr.* 28. Nor is a wife, in the absence of express provision, entitled to the benefit of the exception, except where the legacy is in lieu of dower, and it is held that that fact entitles her to it. Therefore, while the testator's minor daughter is entitled to her share of the interest on the $10,000 legacy from his

death, his daughter Emma, and his son, who are adults, are not, but are entitled to interest only after one year from his death; and so, too, as to their children. The minor daughter is entitled to $300 for her share of the interest for the year immediately succeeding the testator's death. After that her mother is entitled to the whole interest for the support of both.

The legacies to Emma and Ebenezer will, in case of deficiency of assets, abate proportionably. *Titus's adm'r v. Titus,* 11 *C. E. Gr.* 111.

The executors are bound to take care of the factory property until it shall be sold, and it is their duty to do whatever is necessary in the premises to preserve the property; and they may pay the expenses of superintendence, necessary repairs, insurance and taxes, out of the rents.

It results from the foregoing opinion that the executors are bound to hold $10,000 of the investments for the legacy given for the benefit of the widow and her child, the interest of which is payable to her for the maintenance and support of both; that they will be allowed $300 for the payment to the widow of that sum for support of her daughter for the year immediately succeeding the testator's death; from the expiration of that period the widow is entitled to the whole of the interest; that the rest of the funds invested will be held for the benefit of Emma and Ebenezer proportionably, and the executors will, out of the rents of the factory, pay the necessary expenses of insurance, superintendence, repairs and taxes.