NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—November, 1882.

HOFFMAN v. PENNSYLVANIA HOSPITAL.

*In the matter of the estate of* SYLVANUS W. GODON, *deceased.*

Whenever in contemplation of law a general legacy is due, the right thereto carries with it, even though actual payment is then impossible, the right to interest until payment is made, and it is quite immaterial whether the

assets of the estate have been fruitful or unproductive. The legatee is in the same position as a creditor, and is entitled to be awarded interest for such time as he is kept out of his demand.

The only mode of compensation, fixed by law for the delay, is allowance of interest at the legal rate.

The distinction, as to rate, between a claim of interest by a legatee, as against those entitled to the residuary estate, and the charge against a personal representative, on his accounting, for moneys uninvested or misapplied,—pointed out.

APPLICATION by Bertha Hoffman and others, general legatees under testator's will, for allowance of interest on their legacies, in decree of distribution. The facts appear sufficiently in the opinion.

CROSBY & HOFFMAN, *for Bertha Hoffman, general legatee.*

LORD, DAY & LORD, *for Pennsylvania Hospital of Philadelphia, residuary legatee.*

CEPHAS BRAINERD, *for William A. Smith, executor.*

C. M. MARSH; BENEDICT, TAFT & BENEDICT; STEARNS & CURTIS; McDANIEL, WHEELER & SOUTHER; BLATCHFORD, SEWARD, GRISWOLD & DA COSTA; TAYLOR & FERRIS; VAN WINKLE, CANDLER & JAY; ARNOUX, RITCH & WOODFORD, *and* WILLIAM A. W. STEWART, *for legatees.*

THE SURROGATE.—This estate being now ready for final distribution, the question has arisen as to the amount of interest which the executor should allow to certain general legatees. The time for which interest is to be calculated is not the subject of contention, but at what rate the computation should be made.

It is claimed, in behalf of those entitled to the residuary estate, that the rate should not be more than four per cent. This claim rests upon the fact that, since the legacies in question became payable, the estate, though skillfully and prudently managed, has yielded an average annual income of not more than four per cent. And so it is argued that it is inequitable for the legatees to be

allowed as interest a larger sum than has actually accrued to the estate by the delay in discharging the legacies.

In opposition, it is contended that the rate, at which interest should be computed, is in no way dependent upon the amount of income which the estate has earned, but that the legal rate of six per cent. must be allowed as of course.

The cases which are cited in support of the views of the residuary legatees are plainly not decisive of the point under discussion.

In King v. Talbot (*40 N. Y., 94*), the Court of Appeals determined the rate of interest which, under the circumstances of that particular case, should be charged against an executor upon moneys of his testator's estate which he had devoted to investments unauthorized by law. As it appeared that the executor had acted in good faith, believing that his course was both lawful and prudent, the court, in the exercise of its discretion, charged him with interest at one per cent. less than the lawful rate, partly upon the ground that if there had been the strictest compliance on his part with the requirements of the law, no larger income than that would probably have been realized.

Shuttleworth v. Winter (*55 N. Y., 624*) was a similar case. It was there decided that an administratrix ought not to be charged with seven per cent. interest, when she had in fact received but four or five, unless it appeared that she had personally used the funds of the estate, or might by reasonable diligence have obtained a higher rate of interest. To substantially the same effect is Haskin v. Teller (*3 Redf., 323*).

The doctrine of these cases I should unhesitatingly

adopt, if it were sought to hold the executors upon this accounting chargeable with interest upon the body of the estate. But no such claim is here made. The distinction between the question decided by the cases above cited, and the one now presented, was pointed out by my predecessor, in Wheeler v. Ruthven (*2 Redf., 495*). He held that interest should be allowed upon legacies at the then legal rate of 7 per cent., and the decree which so provided was afterwards sustained on appeal, though it does not appear that the attention of the appellate court was called to this subject.

I have been unable to find any judicial decision sustaining the theory of the residuary legatees, but have found many which take the opposite view. Indeed, it seems to be well settled that whenever, in legal contemplation, a legacy is due, the right thereto carries with it, even though actual payment is then impossible, the right to interest until such actual payment, and that it is quite immaterial whether the assets of the estate have been fruitful or unproductive.

In Kent v. Dunham (*106 Mass., 586*), it was held that a legacy carried interest from the time when, by the terms of the will or the rules of law, it was due, although the executor had not at that time assets available for the administration of the estate, and even although he was prevented from administering by impediments interposed by the legatee himself.

To a similar effect is Martin v. Martin (*6 Watts, 67*). Hertford v. Lowther (*9 Beav., 266*) is also in point. A legacy was given to A., on condition that he should pay a certain sum to B. In consequence of litigation, A. was unable for several years to get possession of his legacy,

which meanwhile yielded no income. Nevertheless, it was held that A. was bound to pay B. interest, from one year next after the death of the testator. All these decisions manifestly rest upon the doctrine that a legatee, when he is entitled to be paid, is in precisely the same situation as a creditor of the estate, and should be awarded interest for such time as he is kept out of his demand.

That the legal rate is the proper rate has been directly determined in Wheeler v. Brem (*33 Miss., 126*), and in King's estate (*11 Phil., 27*). "The executor argued," says the court in the latter case, " that the legatees were not entitled to the legal rate of interest, for the reason that he had deposited the moneys of the estate in a trust company, to await the time of payment of the legacies, and received but four per cent. interest on the deposits. Does this fact affect the rights of the legatees? We think not. They were entitled to be paid at the close of the year after the testator's death, and whether the amount of their legacies was placed at interest is immaterial to them. They are entitled to compensation for the delay in payment, and the only mode of compensation fixed by law is interest. We see no reason why they should not be allowed the legal rate."

This view seems to me correct, and a decree may be presented in accordance therewith.