In the Matter of the Application of ADELE TILLOTSON PIERIS, Respondent, for an Order to Determine the Lien of GEORGE WILLIAM CLUNE, an Attorney, Appellant.

*Attorney's lien — power of the Surrogate's, and of the Supreme Court to determine it — when an agreement by which he was to receive one-third of a fund will be disregarded and compensation, based upon the value of his services, be awarded.*

An attorney discovered through a newspaper advertisement that there was $3,300 in a savings bank to the credit of a woman who died intestate in 1857. He thereupon brought this fact to the attention of the woman's granddaughter, who was her sole next of kin, and procured from her a written agreement, by which she empowered him to act as her attorney in collecting the deposit, and agreed to pay him one-third of the amount recovered or received.

The attorney rendered certain services pursuant to the authority conferred, but did not bring any action or institute any proceedings in the Supreme Court. He did, however, apply to the Surrogate's Court for the issuance of letters of administration to his client, which application was granted.

The client had then become dissatisfied with the terms of the agreement and refused to qualify as administratrix through the attorney's agency or to recognize him further as her attorney. Thereafter the client instituted a proceeding in the Supreme Court to procure an order pursuant to the provisions of section 66 of the Code of Civil Procedure determining the amount of the attorney's lien;

*Held*, that the Supreme Court had jurisdiction to ascertain and determine the amount of the lien;

That, while it was probable that the attorney's lien, so far as it was dependent upon the proceedings in the Surrogate's Court, might be ascertained and determined there, the jurisdiction of that court over the subject-matter was not exclusive, particularly as the proceedings in the Surrogate's Court were only incidental to the general services which the attorney agreed to render;

That, as it appeared that the attorney had refused to disclose to the client the whereabouts of the money which he was employed to recover, or the exact

amount thereof, and that he dissuaded her from seeking independent advice upon the advisability of signing the agreement by threatening to take no further steps in the matter if she did so, the court would discard the agreement so procured as not conclusively binding upon the client, and would limit the attorney's lien to such an amount as would afford the attorney ample compensation.

Appeal by George William Clune from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 28th day of February, 1902, denying his motion to set aside the referee's report herein and to dismiss the above-entitled proceeding, and confirming the said report.

*Thomas Abbott McKennell*, for the appellant.

*Francis A. McCloskey*, for the respondent.

Hirschberg, J.:

Ellen Maria Clune, the grandmother of the respondent, died intestate in 1857, leaving an account in the Bank for Savings, Manhattan borough, New York, amounting to upwards of $3,300. In November, 1900, the bank advertised for information as to the heirs or next of kin of the depositor. The advertisement came to the notice of the appellant, who is an attorney at law practicing in the city of New York, and a cousin of the respondent, who is the only next of kin of the deceased. The appellant, shortly after seeing the advertisement, visited the respondent (they being previously unacquainted), and procured from her on December 11, 1900, a signed agreement or authority, as follows:

" I hereby authorize and empower George Wm. Clune as my attorney to demand, receive or collect in my stead and for me any money or monies credited to or coming to Ellen Maria Clune or to which the said Ellen Maria Clune was entitled to, or her heirs are now entitled to, and to obtain the same for me as heir of said Ellen Maria Clune, and I agree to pay him for collecting same one-third ($\frac{1}{3}$) of the amount recovered or received. All expenses of any kind whatsoever are to be paid from the one-third received by the said George Wm. Clune, my attorney.

" *Dec.* 11, 1900.                    ADELE T. PIERIS."

The appellant rendered certain services pursuant to the authority conferred, the details of which need not be stated, but he brought no action and instituted no special proceeding in the Supreme Court. He did apply in the Surrogate's Court of the county of New York for the issuance of letters of administration to the respondent upon the estate of the deceased, which application was granted by that court, but the respondent had then become dissatisfied with the terms of the agreement, and refused to qualify as administratrix through the appellant's agency or to deal with or recognize him further as her attorney. On May 16, 1901, the respondent procured on petition an order of the Supreme Court requiring the appellant to show cause why an order should not be granted pursuant to the provisions of section 66 of the Code of Civil Procedure determining his lien. On the return day a reference was directed requiring the referee to take proof of the facts and to report the same with his opinion. The referee, after taking proof, reported the same, with his opinion, in the following words, the " paper " alluded to being the authorization signed by the respondent on December 11, 1900 : " I am of the opinion that in failing to advise the client of the amount of her interest in the fund, which was two thousand three hundred and thirty-five and 98/100 dollars, the persistent persuasion of her by him not to have independent advice before signing the paper, the promise to tear up the paper if she should be dissatisfied, and the failure to do so upon the expression of the dissatisfaction, make such paper *no contract* between the attorney and the client. It is also my opinion that for the work done in this case, as hereinbefore set forth, one-third of a fund of two thousand three hundred and thirty-five and 98/100 dollars is an unjustly excessive charge, and it is my opinion that the reasonable value of the attorney's services is three hundred ($300) dollars." On the appellant's motion to dismiss the proceedings, the order appealed from was granted denying the same, and further ordering that the report be " in all respects confirmed."

The section of the Code of Civil Procedure under which this proceeding was instituted gives to the attorney of a party to an action or special proceeding a " lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof in whosoever hands they may come." The section further provides

that "the court upon the petition of the client or attorney may determine and enforce the lien." The remedy herein provided is not exclusive, but cumulative, for a court of equity has always had power to ascertain and enforce liens. (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 492, 502.) It is true that the only legal proceeding conducted in this case was the special proceeding in the Surrogate's Court, the direct object of which was to procure letters of administration. The ultimate purpose, however, was undoubtedly to enable the respondent to effectively assert a claim to the money on deposit in the bank both as administratrix and as next of kin, and upon the entry of the decree her title to that fund may be said for present purposes to have been practically adjudicated in her favor. The evidence indicates that her right to the money is undisputed, excepting that the appellant has filed with the officers of the bank a claim to a lien upon one-third of the amount, and such sum remains undrawn, apparently subject to the determination of the claim. While it is probable that the appellant's lien, in so far as it is dependent upon the proceedings in the Surrogate's Court, might be ascertained and determined there (*Matter of Regan*, 167 N. Y. 338, 342), the jurisdiction of that court cannot be exclusive, especially as those proceedings were incidental only to the general services agreed to be rendered which included a disclosure of the existence of the claim, its status and extent, and its collection by whatever lawful means and expenditure might be necessary.

It was held in *Matter of King* (168 N. Y. 53) that upon the petition of the client or attorney under the section of the Code in question, the court not only has jurisdiction, but it must either itself or by a reference in its discretion determine the amount of a client's indebtedness to his attorney, as the provision conferring such summary power only provided a new remedy for an existing right, is not unconstitutional, and the parties are not entitled to a jury trial.

The question presented, of course, is not one relating to the general employment of counsel or the rendition of professional services where no legal proceedings are pending or result in behalf of the client, or in which he is interested, but applies only to the case at hand, where the employment is to collect a specific fund and legal

proceedings are conducted in aid of that purpose. I see no reason under the authorities for denying the jurisdiction of the court to ascertain and determine the lien which the appellant has upon the deposit in this case and upon the proceedings taken in order to collect it.

There is no ground for disturbing the result upon the merits. The respondent did insist upon an opportunity to obtain independent advice several times before she signed the authorization, as the appellant himself admits. He did not tell her where the money was nor its exact amount. The information conveyed to her was that he had found some money which belonged to her grandmother, and which he could procure for her. When she finally insisted upon seeing a friend before she signed, he threatened to take no further steps in the matter, giving the following account of the termination of the interview: "She still spoke about seeing this friend before signing. I arose and said, 'If you want me to go ahead, you have got to have confidence in me; if not, then I will not proceed.' She said, 'Of course, I want you to get the money for me, but I haven't had experience with lawyers.' I told her that the relations between a lawyer and client were sacred, and that as I knew about this money, that if she wanted me to go ahead with it, that I wanted to be protected. She then signed the paper." I think a court of equity having jurisdiction may, in the adjustment of the indebtedness between client and attorney, discard the agreement so procured as not conclusively binding upon the former, and limit the lien to such an amount as will afford ample compensation. It cannot be said upon the proof that the sum fixed by the referee is insufficient.

The order should be affirmed.

GOODRICH, P. J., WOODWARD and HOOKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.