### VAN DER BEEK v. THOMASON.

(Supreme Court, Appellate Term. June 1, 1906.)

1. ATTORNEY AND CLIENT—SETTLEMENT OF LITIGATION—RIGHTS OF CLIENT—CONSENT OF COUNSEL.

A plaintiff may release his cause of action at any time, whether his attorney consents or not.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, § 407.]

2. COURTS—MUNICIPAL COURT—ENFORCEMENT OF ATTORNEY'S LIEN.

A Municipal Court has no power to enforce an attorney's lien.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Harry B. Van Der Beek against Samuel Thomason. From a judgment in favor of plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Frank Verner Johnson, for appellant.
Willoughby B. Dobbs, for respondent.

CLINCH, J.   Plaintiff sued to recover damages resulting from an injury alleged to have been caused by defendant's negligence.   Defendant set up on the trial a general release, which plaintiff testified he had executed voluntarily, and also that he had received from the defendant the sum therein named.   Plaintiff's counsel objected that the release was signed without his consent, and it would seem that the learned justice refused to dismiss the complaint and allowed the case to go to the jury for this reason.   It is well settled that a plaintiff has a right to settle his action at any time, whether his attorney consents or not.   It has also been held that the Municipal Court has no power to enforce an attorney's lien, if, indeed, such a lien exists in that court.   People ex rel. Jaffe v. Fitzpatrick, 35 Misc. Rep. 456, 71 N. Y. Supp. 191.   It is apparent, for these reasons, that the complaint should have been dismissed.

Judgment reversed, and complaint dismissed, with costs.   All concur.