property broken and destroyed, and her health injured. Clearly some of the damages are not of such a nature as to be trebled and may have been considered by the jury in fixing the amount of the verdict rendered. The damages recoverable are such only as are the natural and proximate results of forcible entry, or forcible or unlawful detainer. Therefore no recovery could be had for injured health or bodily or mental suffering.

I think the defendant was entitled to have this case tried and presented to the jury upon the theory that treble damages were to be asked for by the plaintiff and were to be awarded accordingly upon the verdict, if rendered in favor of the plaintiff. The trebling of damages is not discretionary with the court. It is a matter of right, if the plaintiff by allegation and proof comes within the lines of the statute. The language of the Code (section 1669) contemplates that the action shall be brought to recover the treble damages; and, while I think there was sufficient force used by the defendant, assuming the facts to be as found by the jury, to constitute a forcible entry, yet, considering the allegations of the complaint as a whole and the theory upon which the case was tried and submitted to the jury, I have come to the conclusion that the damages as awarded cannot legally be trebled. The motion is therefore denied.

Motion denied.

(53 Misc. Rep. 49)

## TYNAN v. MART et al.

(Supreme Court, Special Term, New York County. February, 1907.)

ATTORNEY AND CLIENT—ENFORCEMENT OF LIEN.

   Where an attorney had rendered services in an action in the Municipal Court of the City of New York, he is entitled to a lien, under Code Civ. Proc. § 66; and, the Municipal Court having no jurisdiction to enforce the same, he may maintain an action in the Supreme Court thereon.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 425–427.]

Action by Thomas J. Tynan against Auto Mart and others to foreclose an attorney's lien. On demurrer to complaint. Overruled.

M. Strassman, for plaintiff.
William J. Moran, for defendants

BLANCHARD, J. The plaintiff brings action to foreclose a lien which he alleges now subsists, by virtue of section 66 of the Code of Civil Procedure, upon a cause of action in which the plaintiff's assignor, an attorney, represented one Anna Gross, who brought action thereon in the Municipal Court of the City of New York, and subsequently compromised and settled said action without paying the plaintiff's assignor for his services as attorney. The defendant demurs, on the ground that the complaint, which sets forth the above facts, fails to state a cause of action.

Although it has several times been held that an attorney's lien could not be enforced in the Municipal Court of New York City, it does not appear to have been decided whether an attorney was allowed a

lien under section 66 of the Code of Civil Procedure upon actions brought in that court. People ex rel. Jaffe v. Fitzpatrick, 35 Misc. Rep. 456, 71 N. Y. Supp. 191; Van Der Beek v. Thomason, 50 Misc. Rep. 524, 99 N. Y. Supp. 538. Section 20 of the Municipal Court act (Laws 1902, p. 1496, c. 580), which provides that the provisions of the Code of Civil Procedure "shall apply to the Municipal Court as far as the same can be made applicable,", has been held as "merely intended to regulate the practice in matters over which the Municipal Court has jurisdiction." Matter of Bolte, 97 App. Div. 577, 90 N. Y. Supp. 499. As was stated in People ex rel. Jaffe v. Fitzpatrick, supra, there is no provision of statute making section 66 of the Code of Civil Procedure applicable to the Municipal Court of New York City. In Drago v. Smith, 92 Hun, 536, 36 N. Y. Supp. 975, it was said that section 66, above mentioned, did not apply to a case in the Municipal Court of Buffalo. This court, however, differed from the Municipal Court of New York City; for, although in the Municipal Court of Buffalo every pleading was required to be subscribed by a duly admitted attorney (Laws 1880, p. 510, c. 344, § 9), it was, nevertheless, permissible for persons not duly admitted as attorneys to practice therein. In the Municipal Court of New York City, however, none but duly admitted attorneys are permitted to practice. Code Civ. Proc. § 63. In Flint v. Van Dusen, 26 Hun, 606, it was said that, so long as a surrogate's court was not a court of record, no lien could be acquired by an attorney upon an action therein. The reason, as stated by the court, was that:

"In those courts there are no attorneys in the sense in which that term is used in courts of record (Fox v. Jackson, 8 Barb. 355), and it is only in respect of the party's character of attorney or solicitor that the claim to a lien exists. * * * No one will contend that a lien exists for services rendered by an attorney in a justice's court."

This decision, however, and the reasoning upon which it rests, was completely superseded by subsequent legislation making Surrogates' Courts courts of record and expressly recognizing the rights of parties to appear therein by attorney. Matter of Regan, 167 N. Y. 338, 342, 60 N. E. 658. The application of section 66, above mentioned, to courts which are not of record, but in which only duly admitted attorneys may practice, is presented, therefore, as a new question.

In its present form section 66 of the Code of Civil Procedure provides that "the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim" from the moment he appears in the action. No limitation is made by the section as to courts in which the cause of action shall be prosecuted, unless possibly one can be spelled out of the provision that "the court, upon the petition of the client or attorney, may determine and enforce the lien." Strong reasons appear against implying such a limitation. It has been held that this section should be liberally construed. Matter of Pieris, 82 App. Div. 466, 81 N. Y. Supp. 927; affirmed upon the opinion of Appellate Division in 176 N. Y. 566, 68 N. E. 1123; Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 499, 66 N. E. 395. This section shows the fixed determination of the Legislature to protect attorneys against fraudulent settlements. It adds to the

remedy of a lien upon a judgment, which was a device invented for the protection of attorneys "against the knavery of their clients, by disabling their clients from receiving the fruits of recoveries without paying for the valuable services by which the recoveries were obtained." Goodrich v. McDonald, 112 N. Y. 157, 163, 19 N. E. 649. Lord Kenyon many years ago announced a sound principle in Read v. Dupper, 6 Term Rep. 362, which was approved in Rooney v. Second Ave. R. R. Co., 18 N. Y. 368, 372, when he said:

"A party should not run away with the fruits of a cause without satisfying the legal demand of his attorney, by whose industry, and in many instances at whose expense, those fruits are obtained."

Although the accompanying provisions of the Code of Civil Procedure afford the attorney a remedy by petition, this remedy is merely cumulative, and accordingly separate and distinct actions may still be brought to foreclose the lien afforded by section 66. Fischer-Hansen v. Brooklyn Heights R. R. Co., supra; Smith v. Acker Process Co., 102 App. Div. 170, 92 N. Y. Supp. 351. In line with this rule the courts have consistently discouraged the continuance of the action upon which the attorney claimed a lien when the sole purpose of continuance is to ascertain the amount of the lien. Fischer-Hansen v. Brooklyn Heights R. R. Co., supra; Smith v. Acker Process Co., supra; Sullivan v. McCann, 113 App. Div. 61, 98 N. Y. Supp. 947.

Such being the rule, it follows that the attorney is not obliged to bring his action upon section 66 in the same court where his client's cause of action may proceed. Thus in Matter of Pieris, supra, it was held that the Supreme Court could entertain proceedings to ascertain and determine the amount of an attorney's lien for services rendered in a proceeding in a surrogate's court. The conclusion from these authorities is that the attorney is not deprived of his lien by reason of the inability of the court in which his client's cause of action was prosecuted to enforce the lien, and consequently that he may begin action in any court having jurisdiction to enforce such a lien, for the purpose of obtaining the relief granted by section 66 of the Code of Civil Procedure. Such a conclusion is induced in the present case by a further fact that in the Municipal Court of New York City none but duly admitted attorneys who are authorized to appear before any court in the state may practice. In view of the qualifications thus required of practitioners before this court, they should not be denied the protection and benefits which section 66 of the Code of Civil Procedure by its express language confers upon every practitioner "who appears for a party." Unless attorneys practicing in the Municipal Court of New York City are afforded such protection they will be reluctant to bring actions in that court, and will tend to increased litigation in the superior courts, for the relief of which the Municipal Court of New York City exists.

Demurrer overruled.