In the Matter of the Estate of Etta Cupid, an Incompetent Person. Thomas F. Daly, Committee of the Person and Property of the Incompetent, Appellant; Lewis A. Rosen, Respondent.

First Department, November 21, 1930.

*Thomas F. Daly*, in person, for the appellant.

*Louis Kunen*, for the respondent.

McAvoy, J.   The committee, as petitioner, instituted this proceeding to recover the sum of $944.93, which one Lewis A. Rosen, an attorney, retained in his possession after demand, claiming that the sum represented legal fees due him for his services in collecting an insurance policy by virtue of a retainer signed by Etta Cupid, now an incompetent person, and then a parolee from a former commitment to an institution for the care of the insane.

In the alternative, it was asked that he should be directed to pay over such balance of $944.93 as the court might determine to be due after deciding what fee, if any, Mr. Rosen was entitled to for services rendered.

The sole asset in the estate is the proceeds of a life insurance policy in the Metropolitan Life Insurance Company on the life of one Hugh P. Cupid, deceased, late husband of the above incompetent.   The policy was in the sum of $2,000, and the incompetent was the beneficiary.   At first the insurance company refused to pay the widow the proceeds of the policy, because the last premium had not been paid, and the policy had been taken out within the year, making it contestable.

On July 26, 1929, Etta Cupid signed a stipulation whereby Mr. Rosen was to receive fifty per cent of any amount recovered from the insurance company.

The insurance company made an investigation of the facts and determined to pay.   This was not caused by any action brought or which was about to be brought by Mr. Rosen, as attorney, so far as appears.   A check for $1,889.86 (the difference between the $2,000 payable on the policy and that sum was due to the fact that the company deducted the unpaid premium) was made out to Mrs. Cupid.   The canceled check bore the indorsement " Etta Cupid " and " Lewis A. Rosen, attorney."

In November, 1929, Etta Cupid was judicially declared incompetent.   Petitioner, after his appointment as committee, received from Lewis A. Rosen the sum of $944.93, which is one-half of the sum collected from the insurance company.   A demand was made for the balance, but it was not met.   Then petitioner made the motion resulting in the order now here.

Under the court's inherent power to summarily determine whether a fee charged by an attorney for services rendered by him was fair and equitable under all the circumstances, we think the court should have taken proof, or appointed an official referee to do so, of the nature of the services and their value and fix a compensation therefor. We think the retainer agreed upon was unfair to the incompetent, and on its face may have been made possible only because of her mental and physical condition, and the respondent should have known at the time that he could not render services sufficient to justify such a charge, even if successful in collecting a doubtful claim.

The order should be reversed, with costs to the appellant, and the matter remitted to Special Term to take proof of the facts.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with costs and disbursements, and the matter remitted to the Special Term to take proof of the facts.