In the Matter of the Estate of ELLEN HEALY, Deceased.

Surrogate's Court, New York County, May 16, 1938.

*William Shimkin*, for Delia McKeon, as administratrix *d. b. n.*, and distributees and copetitioners.

*Shepard Broad*, for Harold Bakerman, respondent.

FOLEY, S. The administratrix and other next of kin apply in this proceeding, brought pursuant to section 231-a of the Surrogate's Court Act, (1) to have the compensation of the attorney-respondent fixed, and (2) to set aside as null and void the written agreement of retainer of the respondent signed by the administratrix and the other next of kin. The dispute arises over the discovery of a savings bank account in the sum of approximately five thousand dollars in the name of the decedent. The attorney-respondent contends that before the retainer, he and his associate initiated an investigation after reading an advertisement by the savings bank of dormant accounts published in a New York newspaper in 1937. Letters of administration had been issued in the estate in 1920. The original administratrix and the other parties interested in the estate appear to have been in ignorance of the existence of the account at that time, and the estate was administered and

final distribution made of the known assets many years ago. As a result of the investigation by the attorney-respondent, he sought out the attorney who had represented the estate in the original administration proceeding. A conference of the next of kin was called and the retainer agreement of December 22, 1937, was signed by them. The evidence has established to the satisfaction of the surrogate that the name of the bank wherein the funds were deposited was not disclosed by the attorney-respondent to the next of kin until after the agreement was signed.

The petitioners contend, *first*, that an agreement to pay one-third of the fund to the respondent was unconscionable and void. *Second*, they also contend under the rule in *Matter of Krooks* (257 N. Y. 329), that within a few days after the signing of the retainer with the respondent they discharged him as their attorney and thereby the retainer agreement was nullified and the respondent was remitted to recover the reasonable value of the services actually rendered.

The surrogate is of the opinion that the determination of the first contention is controlled by the decision in *Matter of Pieris* (82 App. Div. 466; affd., 176 N. Y. 566). The facts there were almost identical with those involved here. The attorney there discovered through a newspaper advertisement that there was a bank account in the sum of $3,300 to the credit of the decedent. He procured from the sole next of kin a written agreement by which he was to receive one-third of the amount of the deposit. The attorney had refused to disclose to the client the whereabouts of the account. As in the present case he was subsequently discharged. The Supreme Court disregarded the amount due under the percentage rate fixed in the retainer and allowed the sum of $300 as the reasonable value of the services rendered. The appellate courts affirmed that determination. The reasoning and the conclusion of the opinion of the Appellate Division apply with exactitude to the facts here. To them might be added the further reason that there never was any contingency inherent in the nature of the respondent's services in this estate. At the time he sought the retainer he knew that the funds were the property of the estate and easily collectible. There was neither doubt as to the title of the fund nor as to the amount of recovery against the bank of deposit. All that remained to be done was the appointment of the administratrix *d. b. n.*, the filing of her bond and the procurement of a waiver from the State Tax Commission. In the ordinary course, since the funeral expenses and debts had been paid many years before, distribution of the new asset could have been made upon

voluntary receipts of the next of kin or in a simple accounting proceeding.

In view of the fact that no contingency was present and that the services were relatively simple, the surrogate holds that under the rule in *Matter of Pieris* (*supra*) the written agreement to pay the attorney approximately $1,600 out of a fund of $5,000 was inequitable and unenforcible. (*Matter of Cupid*, 230 App. Div. 677; *Matter of Liell*, 148 Misc. 279.)

The second contention of petitioners is likewise sustained. The discharge of the attorney-respondent by his clients annulled the so-called contingent agreement. The respondent thereupon became entitled to recover the reasonable value of the professional services acutally rendered by him. (*Matter of Krooks*, 257 N. Y. 329; *Matter of Tillman*, 259 id. 133; *Matter of Weitling*, 266 id. 184; *Matter of Montgomery*, 272 id. 323.) These services covered a very brief period. The respondent asserts that he is entitled to include as a basis of compensation, services rendered prior to his actual retainer. Authority is lacking for such a basis of charge. Only the services rendered from and after the actual hiring of the attorney by the client may be taken into consideration. The discovery and disclosure of the bank account by the respondent resulted, however, in benefit to the next of kin. That circumstance may be made an element for the fixation of fair compensation. It may not be used to impose a charge that is unconscionable, inequitable and excessive. The surrogate holds that the reasonable value of the services of the respondent is the sum of $400 and that he is entitled to payment of that amount.

Submit order on notice accordingly.