■ In the Matter of the Estate of MARTHA J. DOLAN, Deceased. H. BRADLEY SMITH, as Administrator of the Estate of MARTHA J. DOLAN, Deceased, Appellant; ALPHONSUS GROGAN, as Executor of MARY TURBRIDY, Deceased, et al., Respondents.—Yesawich Jr., J. Appeal from an order of the Surrogate's Court of Tioga County (Siedlecki, S.), entered September 18, 1990, which, inter alia, surcharged petitioner for his negligence in administering decedent's estate.

Petitioner's commissions as administrator of decedent's estate were surcharged primarily because of his alleged negligence in failing to discover United States Savings Bonds bearing the joint names of decedent and her predeceased brother which were in decedent's dwelling. The bonds, which at decedent's death had a value of $73,000, were found by Carl Vernon and Florence Vernon when they purchased the house and its contents. To avoid protracted litigation between the estate and the Vernons over the bonds, petitioner, with the written approval of all of the estate's distributees, entered into a stipulation whereby the estate paid a $7,500 finder's fee to the Vernons for the return of the bonds.

Thereafter, petitioner sent each of the distributees a proposed final accounting of decedent's estate together with a letter of transmittal and "waiver and appearance" form on final judicial settlement. This form specifically set out all

proposed commissions, counsel fees and disbursements chargeable to the estate, as well as claims paid by the estate including the claim of "Carl Vernon and Florence Vernon, jointly, $7,500.00 compromised and stipulated finder's fee re U.S. Savings Bonds". All the waiver and appearance forms were signed and returned to petitioner who filed them with Surrogate's Court. The court adopted petitioner's final accounting, allowed him an administrator's commission of $8,174.86 and counsel fees of $5,000, and approved the $7,500 finder's fee to the Vernons, but surcharged the administrator's commission $5,000 for petitioner's negligence. Petitioner appeals the imposition of this surcharge.

While it is clearly within the discretion of Surrogate's Court to surcharge a commission when an administrator maladministers an estate (*Matter of Campbell*, 138 AD2d 827, 828; *see, e.g., Matter of Roberts*, 19 AD2d 391, 396), the court may not refuse to approve an account where there is no objection by any interested party and absolutely no indication of any fraud or concealment in obtaining waivers of citation (*Matter of Veccio*, 49 AD2d 380, 381-382). Here, the distributees interposed no objections to the final accounting and the fact that one of the distributees (as represented by the executor of her estate) deleted from the waiver and appearance form the proposed amount of the administrator's commission and counsel fees, and inserted that she agrees "to accept the Tioga County Surrogate's allowances for [these] items", does not qualify as an objection to petitioner's handling of the estate. Nor was there any indication that fraud or concealment was employed to obtain these waivers from the distributees. Although it is suggested that the waivers were not knowingly or intelligently made because the distributees were not told that some of the bonds were found on the floor of decedent's home before it was sold, that decedent and her brother were known to be reclusive and secretive, or that petitioner did not personally examine the house and its contents, there is no evidence whatsoever that petitioner intentionally concealed this information to obtain the distributees' waivers. Inasmuch as we are of the view that Surrogate's Court improperly refused to approve petitioner's accounting in full, we need not reach the issue of whether petitioner was indeed negligent.

Weiss, J. P., Mikoll, Levine and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as imposed a $5,000 surcharge against petitioner and amended petitioner's final account and decree of judgment settlement, and, as so modified, affirmed.