Parker *v.* Johnson.

RICHARD WAYNE PARKER, trustee,

*v.*

EMELINE H. JOHNSON et al.

1. A trustee may employ, and pay out of the fund, such assistants as are necessary in executing his trust.

2. A trustee purchased certain lands at a foreclosure sale of his mortgage thereon. He afterwards sold them and realized about $1,700 above the amount of the original loan, besides interest and costs.—*Held,* that this surplus was not payable to the life tenant of the trust fund, but should be held by the trustee as part of the *corpus,* or to meet any future losses on investments, if they should occur.

On exceptions to master's report.

*Mr. G. W. Hubbell,* for the exceptions.

*Mr. R. Wayne Parker, in pro. pers., contra.*

[In this case there were fifteen different points raised by the exceptions and decided, but as all except the ninth and twelfth involved only facts, they have not been published.—REP.]

Parker v. Johnson.

THE CHANCELLOR.

The ninth exception is that the master has allowed the trustee $238.86 commissions on the rents collected, and has allowed him in addition five per cent. on the sums disbursed ; thus subjecting the rents to fifteen per cent. commissions for collection and disbursement.

A trustee may employ necessary assistants in executing his trust, and pay them. He may employ agents, collectors, accountants and other persons properly employed in similar affairs. *Perry on Trusts* § *912 ; Wilkinson* v. *Wilkinson, 2 Sim. & Stu. 237.* No complaint is made in this case that the allowances to the agent and trustee are too great for the services, and they do not appear to be so.

The twelfth exception is that the master has reported that the profit realized on the sale of the Orange street property should not be credited to the life tenant.

He was not directed by the order to report on this subject at all. The property in question is one on which the trustee held a mortgage. On foreclosure he was compelled to buy it in. He has since sold it, and realized about $1,700 more than the amount of principal and interest of the investment, and all costs, charges and expenses. There are three other pieces of property of which he is in possession, either as mortgagee or as owner under foreclosure, and on which, or some of them, the fund may meet a loss. There is an investment on mortgage of chattels in New York (not made by the trustee but received by him as part of the assets on assuming his trust), on which it is very probable that there will be a loss to the fund. The life tenant asks that the $1,700 be applied to the payment of the arrears of interest on the suspended investments. The master reports that under the circumstances it will not be prudent to grant the request or to apply the money in any way, except to make up the

NOTE.—Profit on the sale of stock belongs to the *corpus* of the estate, and not to the life tenant, *Whitney* v. *Phœnix, 4 Redf. 180 ;* and also premiums received from or paid for investments, *Van Blarcom* v. *Dager, 4 Stew. Eq. 783, and note ; Pollock's Case, 3 Redf. 100 ; Speakman's Appeal, 71 Pa. St. 25 ;* and appreciation in value of unproductive property, before sale by the executors, *Outcalt* v. *Appleby, 9 Stew. Eq. 73.*—REP.

deficiency of principal.   That view is correct.   There are no
arrears on the investment which was made on the Orange street
property.   They have all been paid out of the proceeds of the
sale of the property by the trustee.   There are arrears of interest
on the suspended investments, and the question is whether the
life tenant is entitled to be paid those arrears out of the profit on
the sale, or whether the profit should be held to make up a pos-
sible if not probable deficiency in the principal through losses on
the suspended investments.   The profit is not income.   It was
made by the trustee in the process of converting the investment,
and, like a premium realized on the sale of government bonds in
which the funds might be invested, it belongs to the fund.   The
trustee in this case is to keep the fund invested, and the tenant
for life is entitled to the interest.   It is clearly the duty of the
trustee to apply the profits on one investment to making up the
losses on others.