In the matter of the estate of HARTMAN V. VAN RIPER, deceased.

[Decided June 3d, 1919.]

1. A trustee may hire clerical help in the management of his trust estate, and may pay them a reasonable compensation out of the estate; and such clerical help may include a collector of rents.

2. A trustee may pay a reasonable commission to an agent for the sale of real estate.

3. Repairs to real estate are chargeable to the life tenant, and not to the remainderman.

4. The allowances made to the trustee for commissions, and to his proctor for counsel fee, are not disproportionate, and should not be modified.

---

On appeal of Jane E. Van Winkle from order or decree of Bergen county orphans court.

*Mr. Frederic Beggs,* proctor for the appellant.

*Mr. Wayne Dumont,* proctor for Robert H. Fordyce.

*Mr. David D. Zabriskie,* proctor for Jane E. Van Riper.

LEWIS, VICE-ORDINARY.

This is an appeal from certain portions of the order or decree of the Bergen county orphans court allowing the account of Robert H. Fordyce as substituted trustee of the estate of Hartman V. Van Riper, deceased.

The decree was made on the 11th day of February, A. D. 1918.

The appeal is taken from those portions of the order or decree of the orphans court which disallow the following exceptions filed by Jane E. Van Winkle to the account of the trustee:

(1) Exception number 2 of the original exceptions, alleging that the several items of credit prayed for being those items paid to L. A. Van Riper as commissions for collecting rents, should not be allowed to the accountant.

(2) Exception number 4 of the original exceptions, alleging that the items for commissions for sale of property allowed to L. A. Van Riper are not proper charges against the estate.

(3) Exception number 7 of the first supplemental exceptions, alleging that certain items claimed to have been paid for repairs, should be wholly disallowed, because the same should be paid by the life tenant of the property upon which such repairs were made.

And from those portions of the said order or decree which adjudged as follows:

(4) That the accountant at the time of his discharge had on hand a balance of *corpus,* amounting to $96,624.83, as trustee of the trust contained in the last will and testament of the deceased, for the grandchildren of the deceased, &c.

(5) That there is a balance of *corpus,* amounting to $23,-600.00, in the trust fund for the benefit of the widow of the deceased, wherein it is ordered that from the income arising thereupon the Hackensack Trust Company shall pay the sum of $1,-431.62, surcharged, &c., within three years, &c.

(6) That the accountant be allowed the sum of $2,000 as and for his commissions on the *corpus* of the trust for the benefit of the grandchildren of the deceased, and that he be allowed the further sum of $500 as and for his commissions on the *corpus* of the trust for the benefit of Jane E. Van Riper, widow of the deceased, to be paid from the respective trusts; and that a counsel fee of $2,000 be allowed to Wayne Dumont, Esquire, proctor for the said accountant; eighty per cent. to be paid out of the trust for the benefit of said grandchildren, and twenty per cent. to be paid out of the trust for the benefit of the said Jane E. Van

*90 N. J. Eq.* In re Van Riper's Estate.

Riper; and that a counsel fee of $500 be allowed to David D. Zabriskie, Esquire, proctor for the said Jane E. Van Riper, the widow, to be apportioned as aforesaid.

(1) It cannot be contended that a trustee is bound to devote his personal time and attention to the collection of rents; or be obliged to pay out of his own pocket someone that he may employ for that purpose; otherwise, a high-class trustee, every moment of whose time, and every ounce of whose energy might be in demand in large and extensive enterprises and operations, would be obliged to devote that time and energy to the mere hack-work of collecting rents, or use up all his compensation as trustee in paying someone else to do it. The deterring and discouraging effect of such a rule upon high-class men who might be designated as trustees is obvious. So long as the compensation paid to the person employed for the purpose indicated is itself reasonable in the light of the services rendered, the expenditure is a proper one to charge against the estate. This is on the same principle as a trustee is always entitled to hire such clerical help as is necessary to handle the affairs of the estate. *Brown* v. *Brown, 72 N. J. Eq. 667; Dey* v. *Codman, 39 N. J. Eq. 258; Babbitt* v. *Fidelity Trust Co., 72 N. J. Eq. 745.*

(2) The same principle applies to the payment of commissions for the sale of the real estate as to the collection of rents. The only question really involved here is whether or not the commissions paid were reasonable in the light of the services rendered and the surrounding circumstances.

L. A. Van Riper was an insurance and real estate man. He produced to the executor the customer for the properties sold, and the commission paid him was the customary commission paid to real estate men. The mere fact that he was the son of the testator should not militate against his right to be compensated for the services he rendered in the disposition of the property of the estate. He received no more for his services than a stranger would have received had he produced the customer and consummated the sale. This expenditure is also a proper one to charge against the estate.

(3) The rule is clearly settled that repairs during the life tenancy are chargeable to the life tenant, and not to the remainderman. The trustee had charged these repairs against the *corpus* of the estate, and the exceptions to his account in that respect should have been sustained, and the amount expended for repair during the life tenancy charged against the life tenant's interest. *Pratt* v. *Douglass, 38 N. J. Eq. 516.*

(4) This is a mere matter of calculation in the light of the altered figures in the account, resulting from the court's present decision. When the amount of the altered figures is determined by the restraining of the account, the decree of the court below will be modified accordingly.

(5) This directs the payment out of the income due to the widow for moneys which the trustee, Mr. Fordyce, paid out of his own funds for the benefit of Mrs. Van Riper's estate.

He is, undoubtedly, entitled to be reimbursed for such payments, but the question of the propriety of the account in this respect is not before this court on appeal by the person whose estate is affected; and appellant in the present proceeding is not aggrieved by the decree appealed from, and, therefore, has no status to question it.

If it be true that the account is not in proper form or correctly stated in this respect, application might be made to the court below upon the filing of the *remittitur* to rectify any discrepancy or irregularity that might exist in its own decree.

(6) In the light of the services rendered, and of all the attendant circumstances, I do not feel inclined to say that the allowances made to the proctors of the respective parties by the court below were disproportionate to the estate involved and the services rendered. I, therefore, decline to disturb them.

As I view the account it does not appear to me that the allowance of $2,000 to the trustee is in excess of the five per cent. on the amount which came to his hands, which appellant contends is the limit which the law permits to be paid.

The only question I am concerned with, therefore, is whether or not the amount so allowed should be in any way modified by me on appeal.

As in the case of proctors' allowances, I am disinclined to disturb this allowance to the trustee and for like reasons.

With the modifications above indicated, the decree appealed from should be affirmed, and I will advise a decree in accordance with these views.

The terms of the decree may be settled on application of counsel.