The primary question for decision is the propriety of certain surcharges made by the Bergen county orphans court on *Page 67 
exceptions to the executor's second intermediate account. There was a decree of affirmance in the prerogative court; and there were included therein certain allowances to counsel for services rendered in that court.
The allowance to the executor for his services during the instant accounting period consisted of commission on corpus in the sum of $607.28 and commission on income in the amount of $1,877.61 — a total of $2,484.89. He was surcharged for administration expenditures aggregating $3,775.06, claimed to have been unnecessary; and the net result is that, while his fidelity and sound business judgment in the handling of the assets of the trust are conceded, his administration for more than two years leaves him indebted to the estate in a substantial amount.
First: The executor asserts error in the surcharge of $3,775.06, expenses actually incurred by him in the maintenance of the decedent's law office for the transaction of the estate's business. This sum comprises office rent, at the rate of $25 per month; stenographic service, at the rate of $18 per week; telephone charges; postage and miscellaneous office supplies, railroad fares, and lunches.
These disbursements were disallowed as unnecessary. Decedent's death occurred on January 12th, 1931. The first intermediate account covered the period beginning with his death and ending on May 31st, 1933; and the second intermediate account commences with the latter date and ends September 30th, 1935. The first account prayed allowance for like expenditures. The question of the validity of the disbursements was raised by exceptions. These exceptions were withdrawn before adjudication; and in the present proceeding the orphans court judge observed that, "in spite of the warning thus given, the executor continued the practice for the period covered by this accounting, approximately two and one-third years," when the office was closed and the executor continued the estate's business "from either his home or the office of his proctor." We do not so interpret the withdrawal of the exceptions. On the contrary, the reasonable inference from this action — nothing else appearing — *Page 68 
is that of acquiescence in the executor's contention that these were legitimate disbursements in the transaction of the estate's business. It is not suggested that a subsequent change in the situation called for an earlier elimination of such expense.
The executor is entitled to credit for all reasonably necessary expenses incurred by him in good faith in the discharge of his fiduciary obligation. Lyon v. Bird, 79 N.J. Eq. 157; Dey v.Codman, 39 N.J. Eq. 258; Howard v. Francis, 30 N.J. Eq. 444;Parker v. Johnson, 37 N.J. Eq. 366; In re Pettigrew, 115 N.J. Eq. 401;affirmed, 116 N.J. Eq. 566; In re Van Riper's Estate,90 N.J. Eq. 217. And expenditures made by an executor of proved business capacity and competence under a reasonable, bona fide
belief of their necessity are not to be disallowed because, when viewed in retrospect, the need may be questionable. Here, the estate was relatively large — the assets at the beginning of the present accounting period aggregated $557,030.01; and it became the executor's duty to supervise the management of two large apartment houses, as well as to handle the estate's investments in a variety of securities. It is conceded that his management was in other respects faultless. He exercised the business sagacity and prudence which, in the judgment of the deceased, qualified him for the discharge of this trust function; and we are not persuaded that he erred in this one particular and so put upon the estate a financial burden wholly unnecessary. The orphans court judge, in refusing to charge the executor with the allowances made to counsel, ruled that he "made the disputed disbursements honestly and under the advice of his proctor," and that "the propriety of the disbursements was fairly subject to debate." His good faith and capacity being conceded, the proofs do not, in our judgment, attain the standard required to overthrow the judgment of the executor, based as it was on experience, that the services in question were essential to the proper management of the trust assets. Under all the circumstances, it is fairly inferable that he exercised sound judgment. For instance, there can be no doubt of his right to have clerical service for the keeping of the estate's accounts *Page 69 
and records; and, by the same token, he was justified in maintaining an office where that service could be rendered. SeeNewell v. West, 149 Mass. 520; 21 N.E. Rep. 954; In re Semple,189 Pa. 385; 42 Atl. Rep. 28.
The executor is not, however, entitled to an allowance for lunches and like personal expense. He may have reimbursement for railroad fares paid in traveling between his home in Hackensack and the office in Jersey City. These are reasonable traveling expenses, and are therefore allowable. Dey v. Codman, supra.
 Second: The executor complains that there was error in the allowance of his commission, in that it was calculated on a net liquidated corpus of $20,242.81, whereas he in fact received during the accounting period, in liquidation of assets, the total sum of $56,525.20.
The orphans court deducted from the amount thus received $6,682.39, representing the net loss on liquidation compared with the inventory value, and $29,600, the amount paid by the executor on bank loans to secure which assets so liquidated were posted.
These deductions are plainly indefensible. They run counter to the principle laid down by this court in Pomeroy v. Mills,37 N.J. Eq. 578. It is to be observed that, on the first accounting, the executor's commissions were confined to so much of the corpus as was liquidated during that accounting period.
As to income, the court allowed but one per cent. of the apartment house rents collected, and five per cent. on the remainder.
We are of opinion that there should have been an allowance of two per cent. on the rents so received. While he paid a commission of seven and one-quarter per cent. to a real estate broker for services in the management of the apartment houses and the collection of rents, the executor is entitled to reasonable compensation for his supervisory service in the execution of his trust. If he had failed to exercise such supervision, and a loss resulted to the estate, it would not be a sufficient answer for him to say, if called to account by *Page 70 
the parties in interest, that the delegation of this authority to a stranger, without more, was a full performance of duty. The laborer is worthy of his hire. Inadequate compensation makes for mismanagement.
Third: The executor complains that the counsel fees allowed to his proctors are inadequate, and that there was also error in directing that the allowances be paid out of income. The point is well made in both particulars.
The executor's proctors asked for $10,000. This we regard as an extravagant appraisal of the services rendered, as disclosed by the proofs. They were allowed fees of $10,000 on the first accounting. The services rendered subsequent thereto were established by an uncontroverted affidavit, which reveals the handling of litigation as well as the ordinary legal service which an executor so situated is required to have. We regard these additional services to be compensated on the second accounting as reasonably worth the sum of $3,500. And this sum should be paid out of corpus.
The claim is also made that the counsel fees allowed to the exceptants are excessive. Compared with the allowance made to the proctors for the executor, they are high. The exceptants were allowed counsel fees totaling $2,200 on the exceptions to the first account, which were dismissed. While the orphans court judge, in making the allowances now under review, undoubtedly was influenced by his conclusion that the exceptions were well founded, we are not inclined to disturb them, for the exceptions were undoubtedly interposed in good faith and raised fairly debatable questions.
Fourth. We find no error in the decree respecting the sufficiency of schedule 12 of the account, listing securities, investments and assets of the estate in the executor's hands.
Fifth: And it necessarily follows from the foregoing that there was no error in the allowance by the prerogative court of a fee of $200 to counsel for the executor for services rendered on the appeal to that court, payable out of the estate.
This is likewise true of the contention that the counsel fees allowed in the orphans court should have been assessed against the executor personally. It is predicated upon the *Page 71 
proposition — now found to be baseless — that the executor had made "improper charges incident to the operation of the law office," and that the estate should therefore not be burdened with the fees for "the services of counsel in bringing about this restitution to the estate."
The decree of the prerogative court is accordingly affirmed in part and reversed in part; and the cause is remanded for the entry of a decree in conformity with this opinion.
For modification — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 14.