MONTGOMERY, ADMINISTRATOR, APPELLANT, *v.*
FIRST NATIONAL BANK OF DILLON ET AL., RESPONDENTS.
(No. 8317.)
(Submitted December 1, 1942.   Decided March 23, 1943.)
[136 Pac. (2d) 775.]

Cause submitted on Briefs of Counsel.

*Messrs. J. E. Kelly, S. P. Wilson, H. L. Maury* and *A. G. Shone,* for appellant.

*Messrs. Gunn, Rasch & Gunn, Messrs. Poore & Poore, Gilbert & Gilbert* and *Mr. T. F. McFadden,* for respondents.

Honorable RUDOLPH NELSTEAD, District Judge sitting in place of Mr. Chief Justice JOHNSON, disqualified, delivered the opinion of the court.

On April 23, 1941, the district court of Beaverhead county released and discharged J. H. Gilbert as executor of the estate of William Montgomery, deceased, and appointed William G. Montgomery administrator with will annexed. (See *Montgomery* v. *First Nat. Bank,* ante p. 395, 130 Pac. (2d) 760.) The administrator, after his qualification, filed his first account October 15, 1941, which was settled December 3, 1941. He specifies error by the trial court in rejecting certain items of expense, disposition of which in the decree of settlement was as follows: "The account shows payments to the administrator of $10.00, $30.00, $25.00, $20.00, $50.00 and $35.00, a total of $170.00, and also a balance still due to the administrator of $59.60, all on account of 3283 miles @ 7c per mile, which is somewhat further explained in the statement entitled 'mileage' attached to the account. It is clear that in some of the items double mileage is charged, and in one at least, treble mileage. * * * This court is not aware of any provision of law authorizing mileage to be charged by an administrator at 7c per mile, and this cannot be considered '(a) Necessary expense in the care, management and settlement of the estate,' as provided in section 10285. All of such payments made to the administrator are disapproved and rejected, and the balance claimed due is likewise treated. It might be that the administrator can properly itemize his expenses incurred, and that this question can be

brought up on a supplemental account or in future accounts to be rendered. Two items are found as having been paid to Carl Guidici, one for inventory expense in the amount of $25.00, and another appraisement expense in the amount of $35.00, and among the vouchers checks are found which add little to the above explanations. The amounts are disapproved and disallowed.''

The burden is on the executor or administrator presenting his account, to establish his right to each item of expense for which he claims reimbursement. He is entitled to be paid all expense legitimately incurred in the administration of the estate, but the record here offers no evidence other than the number of miles traveled by him on estate business, and the amount charged. There is no evidence of the actual expense incurred. If the administrator, in a subsequent account, can show the actual expense incurred for use of automobile, or for any other purpose, which would be a legal claim against the estate, the matter can then be determined. In the absence of a statute fixing allowance for mileage, the showing made was insufficient. The same thing may be said as to other items which are rejected.

We construe the words ''necessary expenses'' in section 10285, Revised Codes 1935, to mean actual expenses legally incurred by the administrator.

From the record we find no error and the decree is affirmed.

ASSOCIATE JUSTICES ERICKSON, MORRIS and ANDERSON, and HONORABLE GUY C. DERRY, District Judge, sitting in place of MR. JUSTICE ANGSTMAN, concur.