233 P.2d 400 (1951)
In re RUANE'S ESTATE.
HUMPHREY
v.
O'SULLIVAN.
O'SULLIVAN
v.
HUMPHREY.
No. 9030.
Supreme Court of Montana.
June 27, 1951.
*402 Emmet O'Sullivan, Harlowton, for appellant.
ANGSTMAN, Justice.
The record presents two appeals. One is by Mable E. Humphrey, as administratrix of the estate of Mike F. Ruane, from a decree settling her first annual account and disallowing certain items. The other appeal is by Emmet O'Sullivan from an order disallowing him certain attorney's fees and expenses. The appeals were by order of this court consolidated.
No one has appeared in this court to resist the claims of appellants.
The first question raised is the propriety of the court's order in disallowing four items of the administratrix' account, each reading: "Transportation and living expenses in traveling 124 miles in going to Harlowton to confer with estate counsel on estate matters and in returning to Lewistown, $12.40." Each item covers a different trip at a different time. Mable Humphrey swore to the account stating that it is "just and true" and that "the items of expenditures * * * have actually been paid and disbursed" as stated. The court in denying these items stated: "In her account the administratrix is asking for the sum of $49.60 for travelling expenses covering four trips from Lewistown to Harlowton and return. It is not the custom of the District Courts of this state to allow travel expenses in probate matters except where necessary in the protection of the property of the estate or where it is for the benefit of the estate, and we know of no statutory provisions that would cover such items, particularly when the records of said estate show that all of the assets were in cash, except the above personal property, which administratrix sold for the sum of $30.00.
"The claim for $49.50 is therefore disallowed."
R.C.M. 1947, sec. 91-3405, allows to an administrator "all necessary expenses in the care, management, and settlement of the estate." Traveling expenses necessarily incurred in performing the duties of the trust are allowable. 33 C.J.S., Executors and Administrators, sec. 236, page 1239; 4 Bancroft, Probate Practice, 2d Ed., sec. 982, p. 113; In re Rose's Estate, 80 Cal. 166, 22 Pac. 86; In re Byrne's Estate, 122 Cal. 260, 54 Pac. 957, 1015; In re Parker's Estate, 186 Cal. 668, 200 Pac. 619; In re Linn's Estate, 124 N.J. Eq. 65, 199 A. 396; In re Stewart's Estate, 145 Or. 460, 28 Pac. (2d) 642, 91 A.L.R. 818; In re Smith's Estate, 108 Utah 537, 162 Pac. (2d) 105.
There was no proof offered to show the necessity of these items of expenditure in the care, management or settlement of the estate.
The burden is on the administrator to establish his right to each item of expense for which he claims reimbursement. Montgomery v. First Nat. Bank of Dillon, 114 Mont. 428, 136 Pac. (2d) 775. "`No allowance should be made where there is no necessity for travel, as where the matter can as well be attended to by mail.'" In re Turner's Estate, 50 Cal. App.2d 332, 123 Pac. (2d) 66, 67, quoting from 11b Cal. Jur. 481, sec. 1039; and see, In re Emerson's Estate, 175 Cal. 724, 167 Pac. 149.
Since there is no showing here that it was necessary for the administratrix to make the trips in question rather than follow the inexpensive method of attending to the matter by mail the court did not err in disallowing these items. Furthermore, an administrator, while having the right to employ counsel residing elsewhere than where the estate is being administered, may not by so doing increase the expense to the estate. Compare, In re Megargee's Estate, 117 N.J. Eq. 347, 175 A. 808; In re Liell's Estate, 148 Misc. 279, 265 N.Y.S. 730.
The next item disallowed by the court is one claimed by the administratrix for $123.75 as rental of her garage from December 22, 1945, to February 9, 1950, at $2.50 per month. The evidence shows that *403 the estate automobile and some wearing apparel were stored in the garage. The property was appraised on July 29, 1949, for $75 and was subsequently sold for $30.
Under the facts of this case the court did not abuse its discretion in disallowing this item. The administratrix and the court are duty bound to "exercise the highest diligence and to limit the expenditures with a wise prudence and economy. They have no right to be liberal with the money of the heirs of the dead man. They have no right to incur, or to allow, any item of expense which would not be incurred by a prudent man in the proper management of his own affairs." In re Byrne's Estate, supra [122 Cal. 260, 54 Pac. 960].
The other questions arise from the petition of Emmet O'Sullivan for attorneys' fees and expenses. His petition shows that he was employed by Mable Humphrey to represent her in procuring her appointment as administratrix and as her attorney in the administration of the estate; that Fannie S. Cook, public administratrix of Fergus county, filed a petition for letters of administration of the estate of Michael F. Ruane; that Fannie S. Cook, as special administratrix, likewise filed a complaint seeking to obtain possession of the property of the estate from Mable Humphrey and asking for a suspension of her powers as administratrix until a determination of the Cook petition; that Joseph R. Bennett, a nephew of the deceased, filed a petition requesting that letters issue to Fannie S. Cook; that O'Sullivan, as attorney for Mable Humphrey, resisted these actions in her behalf in the district court and on appeal, In re Ruane's Estate, 122 Mont. 387, 204 Pac. (2d) 1037, and made trips from Harlowton to Lewistown and Harlowton to Helena and return and made some telephone calls and that the reasonable charge for the traveling and living expense when away from his home in Harlowton is ten cents per mile; that the total of such items was the sum of $409.90. Most of these items the court disallowed. The court allowed some of the items for telephone calls.
O'Sullivan also claimed attorneys' fees for extraordinary services in the sum of $1,000 and for general services in the sum of $188.50. The court in ruling upon the question of traveling expenses and fees of the attorney stated: "The administratrix in this estate had the right to employ counsel of her own choosing. However, there is no statutory provision allowing an attorney traveling expenses from his home to the probate court where the estate is being administered. Neither is there any statutory provision for the payment of extra compensation to an attorney except where it is shown that the services rendered were for the benefit of the estate.
"The greater portion of the fees asked by petitioner for extra compensation were for services rendered in defending actions for the removal of the said Mable E. Humphrey as administratrix of the estate. Certainly this service was not for the benefit of the estate but, on the contrary, was for the interest or benefit of Mable E. Humphrey personally.
"Counsel appeared in the action in which possession of the property of the estate was demanded, and which the administratrix had a right to defend. Counsel also appeared and objected to the payment of costs and attorney fees asked by Fannie S. Cook in her administration as special administratrix. For these services the Court feels that counsel is entitled to be paid extra compensation, even though the total assets of said estate amounted to only the sum of $2709.99."
The court then ordered the payment of $100 as and for extraordinary services of attorney O'Sullivan and as to the regular fee stated: "It is further ordered and decreed, that upon the filing and approving of the administratrix' Final Account and decree of distribution the petitioner will be allowed the regular statutory fee for the services rendered by him for the administratrix in the administration of said estate in addition to the attorney fee allowed hereinabove."
The courts are not in agreement as to whether attorneys' fees incurred in proceedings to determine who should be appointed to administer an estate are allowable as charges against the estate.
In Pingree v. First Savings Bank of Ogden, 82 Utah 437, 25 Pac. (2d) 937, 938, 90 *404 A.L.R. 96, the Supreme Court of Utah said: "The expenses of the contest had between Mrs. Pingree and the Ogden State Bank as to who should be appointed to administer the estate are not proper charges against the estate. That contest was of a private character in which the estate had no interest, except that some competent person be appointed. The heirs who were not parties to that contest should not be made to suffer because of a litigation in which they could not hope to derive any benefit. An estate may not be charged with expenses incident to two or more persons litigating their relative rights to letters of administration. [Citing cases.]".
The author of the note on page 104 of 90 A.L.R. said: "Although there is some authority to the contrary, the majority rule is that no allowance will be made out of the estate for costs and attorneys' fees incurred in procuring letters of administration or in litigating the right to administer on the estate, even though the party asking for such an allowance was successful in obtaining letters of administration."
The question was before this court in Re Williams' Estate, 55 Mont. 63, 173 Pac. 790, 1 A.L.R. 1639. In that case the decedent died a resident of Silver Bow county. Davis was appointed special administrator pending the hearing on objections to the probate of a will. Short, public administrator of Deer Lodge county, secured an order from the district court of that county appointing him as administrator. Thereafter Short filed a petition in Silver Bow county to remove Davis as special administrator and secured a citation to Davis to show cause why he should not surrender possession of the estate property to Short. Davis employed an attorney to resist the motion and to prepare a return to the citation and he conducted the proceedings with success to Davis.
The trial court disallowed his attorney's fees. This court held that the trial court erred, saying: "As special administrator it was the duty of Davis to retain possession of the property belonging to this estate, until an executor or general administrator was legally appointed and duly qualified. The district court of Deer Lodge county had no jurisdiction over the estate  the deceased being a resident of Silver Bow county at the time of her death  and the order appointing Short was coram non judice. (Sec. 7383, Rev. Codes [of 1907].) Davis could not lawfully surrender possession of the property to Short, but he was required by virtue of his office to resist the proceedings and was authorized by section 7474 [Rev. Codes of 1907] to do so."
The Williams case involved facts quite different from those here. In that case a court having no jurisdiction over the estate assumed to appoint an administrator to administer the estate. Here the same court that appointed Mable Humphrey had subsequently appointed Fannie S. Cook, the public administrator. The court making the appointments was the court having jurisdiction over the estate. Unlike the situation in the Williams case, Mable Humphrey would have been fully protected in surrendering possession of the property of the estate to Fannie S. Cook, and particularly where, as here, the heirs and those interested in the estate had sought and obtained her appointment, and where the right of Mable Humphrey to administer the estate was based upon the fact that she is a creditor of the estate and where the heirs had agreed to pay her what she had coming as a creditor.
It cannot be said in this case that the litigation which ensued to contest the right to administer the estate was in anywise beneficial to the estate or its rightful beneficiaries. The court properly disallowed attorneys' fees and expenses for conducting that litigation.
It is contended that the court erred in not allowing the claim for regular attorneys' fees in the sum of $188.50. The court, as above noted, indicated that the allowance would be made upon completion of the services.
The rules of court in some districts fix the attorney fees for the regular services upon the same basis as those of the administrator which is on a commission upon the amount of the estate accounted for R.C.M. 1947, sec. 91-3407. While the *405 court, in a proper case and particularly when the attorney has been dismissed from further service, may allow fees for his services before final settlement of the estate, In re Culver's Estate, 91 Mont. 475, 8 Pac. (2d) 662, yet we cannot say that under the circumstances here shown the court was not justified in withholding allowance of the regular fee in advance of a final accounting by the administratrix. Compare: In re Hite's Estate, 155 Cal. 448, 101 Pac. 448; In re McDonald's Estate, 37 Cal. App. 2d 521, 99 Pac. (2d) 1115.
What has already been said disposes of the contention that the court erred in not allowing to the administratrix the expense of $10 as the filing fee in this court in Re Ruane's Estate, 122 Mont. 387, 204 Pac. (2d) 1037. That litigation was for the personal benefit of Mable Humphrey and was of no benefit to the estate. Appellant contends it should be allowed because she collected that amount in her cost bill and included it as receipts in her account. Appellant may not include this amount in her receipts and thus by a matter of bookkeeping increase the assets of the estate on which to base the compensation for services under R.C.M. 1947, sec. 91-3407.
Another similar item is that of $4.82 for sheriff's fee in serving subpoenas in the action brought by Fannie S. Cook as special administratrix to recover the assets of the estate and for the issuance to her of general letters of administration.
On final accounting these items may properly be disposed of so that appellant may have the benefit of their recovery in the cost bill but at the same time excluding them from the assets of the estate on which to fix the fee of the administratrix.
The decree and order appealed from are affirmed and appellants shall bear the costs of these appeals.
ADAIR, C.J., and METCALF, BOTTOMLY and FREEBOURN, JJ., concur.