268 P.2d 395 (1954)
In re SIKORSKI'S ESTATE
SIKORSKI
v.
BRUSKI et al.
No. 9245.
Supreme Court of Montana.
March 30, 1954.
*396 P. F. Leonard, Miles City, for appellant. Al Hansen, Baker, for respondent.
ADAIR, Chief Justice.
On May 1, 1950 John V. Sikorski died testate in Fallon County, Montana, whereof he was a long time resident and wherein he then was domiciled. He left estate consisting of both real and personal property, some of which was in Fallon County, Montana, while the remainder was in the city and county of Winona in the State of Minnesota.
In his last will and testament the decedent nominated and appointed his daughters Gertrude A. Bruski and Sally Bowmer to be the executrices thereof and therein the testator further directed that said executrices shall employ Al Hansen, Esq., of Baker, Montana, as their attorney to represent, advise and aid them in all matters pertaining to the estate and in carrying out the provisions of the will.
The will was filed for probate on May 17, 1950, in the district court of Fallon County, Montana, and on June 14, 1950, by order entered in such court the will was duly admitted to probate and letters testamentary were issued to Gertrude A. Bruski and Sally Bowmer, who duly qualified, personally administered the estate in Montana and saw to it that such portion of the estate as was in Minnesota was administered and then on January 29, 1952, said executrices filed in the district court of Fallon County, Montana, their final account showing the expenses of administration and also their petition asking that all the property be distributed as directed in their father's will, to which account the petition their brother Edward R. Sikorski interposed written objections.
This is an appeal by said Edward R. Sikorski from an order allowing, approving and settling the final account of the executrices of filed.
In his will the testator gave to his son, the appellant Edward R. Sikorski, all his real estate situate in Fallon County, Montana, same being particularly described in the will and comprising approximately 480 acres of land together with all of testator's farm machinery, chattels, livestock, personal effects and other personal property located in said Fallon County, but expressly providing that such devise and bequest was subject to the condition that said Edward R. Sikorski shall pay to testator's son Harry, $500, to testator's son Klemmens, $500, and to testator's daughter, Sally, $800.
Montana Property. The property left by the testator and physically present in Fallon County, Montana, as listed in the inventory and appraisement, was appraised as follows: Real estate, $6,620, improvements, $5,600; Personal property: Cattle, $1,700, cash in Bank of Baker, $632.38, cash in Baker National Bank, $1,594.80.
After the filing of the aforesaid inventory and appraisement the executrices discovered the following property, viz: Certificate of deposit on the Bank of Baker for $353.50, savings stamp book for $5, and savings bonds cashed for $620.50, making the total value of the estate in Fallon County, $17,226.18.
Minnesota Property. In addition to the above property, the testatory also left property in the city and county of Winona, in the State of Minnesota, the disposition whereof was expressly provided for in paragraphs designated "Third" and *397 "Fourth" of the will, which in part read:
"Third: I direct that my executrices as hereinafter named sell to the best advantage of my estate as soon as convenience may permit and as they see fit the following described property, situated in the City of Winona, Winona County, State of Minnesota; That property standing of record in my name and known as 350 and 352 Mankato Avenue of the Hubbard's Addition to the City of Winona, County of Winona, State of Minnesota; that the said property be converted into cash, and that the proceeds so realized be distributed to my children and grandchildren according to the schedule of gifts, devises, or bequests as follows:
"a. To my son John S. Sikorski, the sum of $500.00; to my daughter Gertrude A. Bruski, the sum of $500.00; to my daughter Sally Bowmer, the sum of $500.00.
"b. To Barbara Sikorski, the adopted daughter of my deceased son Alozi A. Sikorski, the sum of $200.00; a James, Joan and Mary, the two daughters and one son of my deceased son Lee, the sum of $200.00 each; this provision to assure to each of the children of my deceased sons the sum of $200.00.
"c. To each of my grandchildren who are the children of my daughter Gertrude A. Bruski, namely Sylvester, Ralph, Raymond, and Lucille, the sum of $200.00; this provision to assure to each of the children of Gertrude. A. Bruski the sum of $200.00. * * *
"Fourth: I then give and bequeath unto my grandchildren Eddie Sikorski, Jackie Sikorski, Mike Sikorski, Jerry Sikorski, and Timmy Sikorski, the foregoing children being those my son Edward R. Sikorski, and to Dennis Bowmer, Richard Bowmer, Celia Bowmer, and Mary Bowmer, being the children of my daughter Sally Bowmer, share and share alike to the nine children named in this fourth clauses of my will, all the rest, residue, and remainder of my property, both real and personal, wherever the same may be situated or located."
The property in Winona, Minnesota, consisted of a store building and an adjoining house. There was considerable dispute as to the value of such property, but the district court's findings of fact state that the total receipts from the sale of the property in Winona, Minnesota, were $9,643.33, and that after paying the expenses incurred by the administrator of the estate appointed by the Minnesota court there was left the sum o;f $8,258.28 for the payment, out of the Minnesota property, of the above specific legacies so provided for in the will.
It also appears in the record that all such legacies were duly paid in strict accordance with the provisions of testator's will and that testator's estate in Minnesota was duly closed.
At the time the will was admitted to probate and letters testamentary were granted to the respondents Gertrude A. Bruski and Sally Bowmer, each executrix was then a bona fide resident of the State of Montana, by reason whereof each was ineligible, under the laws of Minnesota, to be granted letters testamentary in such state, but notwithstanding such fact it was plainly the will and wish of their father that respondents should see to it that all of his property, wherever situate, should be distributed in accordance with the terms of his will, for he sought to make them the executrices of all his property and to place upon them the responsibility of making it their business to carry out his express directions when it came to disposing of or distributing any of testator's estate wherever found. The testator well knew that someone must attend to the business and property he was leaving and he sought to appoint and name respondents as the ones who should manage and attend to such matters.
In 21 Am.Jur., Executors and Administrators, § 862, pp. 854, 855, it is said: "Duty to Collect Assets beyond Jurisdiction. Notwithstanding the well-recognized limitations on the authority of executors and administrators in reference to property belonging to the estate of the decedent located beyond the jurisdiction of the court in which the letters of administration have been granted, it is the duty of a domiciliary *398 representative to gather in, and account for, foreign assets of his testator, to the extent of his ability to do so; and the court of the domicil may compel him to account for his wilful neglect to perform such duty. Any other rule would invite neglect and consequent waste and dissipation of assets. Thus, if securities belonging to an estate have been pledged by the decedent in a state other than that of his domicil, the exigency of the need of redeeming the pledged securities may require the domiciliary executor to act beyond the jurisdiction and to redeem such securities. In such a case the administrator may properly expend money in a reasonable effort to save the property of his intestate situate in another state; and his so doing is not prevented by any rule confining the administration of assets to the jurisdiction of the domicil. * * * "
In Fox v. Tay, 89 Cal. 339, 24 P. 855, at page 856, 26 P. 897, it is said: "While Mr. Tay could not, by virtue of his appointment in New Jersey, administer upon any estate of Fox in this state, it was his duty to take charge of any personal asset of the estate which he found here, and send it to New Jersey for administration."
Objection to Account. The appellant Edward R. Sikorski's objections to the final account of the executrices are numerous.
First, he complains that the final account fails to disclose why the certificate of deposit of $353.50 in the Baker Bank, the savings stamp book for $5 and the savings bonds for $620.50, above referred to were not included in the inventory filed. The answer is simple. These three items, while fully accounted for in the account, were not included in the inventory because they were not discovered until after the filing of the inventory.
The account shows a rent item of $240 and appellant complains that such rent was not included in the inventory filed. Again the answer is that this is rent money from the Minnesota property which had not been received by respondents when their inventory was filed in the district court of Fallon County, Montana.
Appellant objects to the allowance of the respective sums of $121.03 and $57.25 claimed by the executrices for moneys expended in journeying from their homes in Montana to Winona, Minnesota, while looking after that portion of their father's estate there situate.
Appellant objects to the item of $49.49 claimed by the executrix Gertrude A. Bruski as traveling expenses in journeying from her ranch home some nineteen miles distant from Baker, Montana, where, in the performance of her duties as executrix in administering the estate, she went to confer with Al Hensen, of Baker, the attorney for the executrices.
Appellant objects to an item of $6 for fire insurance on the Montana property, claiming that the item is improper unless the insurance policy be turned over to him.
Appellant objects, as improper, to a charge of $2.65 for a telephone call made by attorney Al Hansen to Winona regarding the estate.
Appellant objects to the allowance of $1,213.26 for attorney's fees, claiming that such allowance was improper and in excess of the fees allowed by the law to the executrices.
Appellant objects to the allowance of any sum or amount for payment of penalty or interest on the inheritance tax due the State of Montana, occasioned by delay in paying such tax.
On February 15, 1952, a hearing was had in the district court of Fallon County, on the above objections to the account so filed by the appellant and his attorney.
Finally on April 9, 1952, attorney P. F. Leonard, as counsel for the appellant Edward R. Sikorski, filed a further and separate objection reading as follows: "The residuary legatee in Montana, Edward R. Sikorski, now objects to the allowance of any fees or commissions to the co-executrixes or their attorney in the above entitled Estate. For the reason that in view of the delay and improper handling of said Estate, it will be improper to allow any fees or commissions. [Signed] P. F. Leonard, Attorney for said residuary Legatee."
*399 While the appellant and his counsel were loud and painstaking in registering objections to the final account filed by the executrices yet at the hearing neither took the witness stand nor did they produce a single witness on behalf of the objector. At such hearing, only the executrix Gertrude A. Bruski and her attorney Al Hansen testified and then appellant's objections were submitted to the trial court on the testimony of these two witnesses and on the probate records.
The testimony of attorney Hansen shows that he made a trip to Minnesota and while there he went to Winona where he viewed the property, took some photographs thereof, found that there was considerable dispute as to the value of the property and that he thereupon advised the two executrices that they should go to Winona to investigate the matter. The testimony of the executrix Gertrude A. Bruski corroborates that of attorney Hansen.
Attorney Hansen further testified that at a former time he had been associated with Mr. Kranston, an attorney at law of Winona, Minnesota, and that when the executrices had decided to go to Winona in connection with the property there situate, Mr. Hansen telephoned attorney Kranston at Winona and arranged to have him meet the two executrices upon their arrival and to give them the necessary counsel and assistance which they required. The record shows that attorney Kranston met the executrices; that he appeared with them in the probate court in Winona in connection with the ancillary probate of testator's will, at which time it was found that non-residents could not be appointed executrices in Minnesota, whereupon the Merchants Bank of Winona was appointed administrator with the will annexed of the estate and attorney Kranston acted as attorney for such administrator.
Attorney Hansen testified that he made no charge for his trip to Winona and further testified that "any compensation that Mr. Kranston realizes for services he rendered will be paid by me out of my personal pocket."
Attorney Hansen further testified that the delay in paying the inheritance tax in Montana was largely due to delay in getting the administration closed in Minnesota, as the administrator in the latter state was not appointed until in November 1950, while the executrices were granted their letters by the district court of Fallon county on June 14, 1950.
Following the foregoing hearing the district court of Fallon County made and filed written findings of fact showing the facts substantially as outlined above and on July 10, 1952, by order that day entered, directed that the claim of the executrix Sally Bowmer be reduced to $57.25; that any penalty and interest charged against the estate on determination of the amount of inheritance tax due the State of Montana shall be deducted from the attorney's fees allowed in the estate; that the sum of $240 rent from the Minnesota property be deleted from said account filed by the executrices in Montana and that same be paid directly to the nine grandchildren to decedent, viz: Eddie, Jackie, Mike, Jerry and Timmy Sikorski, and Dennis, Richard, Celia and Mary Bowmer, in equal shares as provided for said residuary legatees and devisees of the Minnesota property.
The court further ordered that, with the foregoing exceptions, all the objections to the final account be overruled and that the account be allowed, approved and settled.
As above stated the total value of the estate situate in Montana was $17,226.-18, so that under R.C.M.1947, §§ 91-3405, 91-3407 and 93-8601, the fees of the executrices could have been $819.05 See In re Springer's Estate, 79 Mont. 256, 266, 255 P. 1058.
The district court of Fallon County, Montana, allowed the executrices $808.74 and the attorneys $1,213.26 to which $404.42 was to compensate and pay the attorney's fees for administering that portion of the testator's estate located in Minnesota, leaving the balance of $808.84 to cover the attorney's fees in Montana.
The traveling expenses allowed the executrices as shown above were proper *400 charges. In re Ruane's Estate, 125 Mont. 204, 233 P.2d 400.
In In re Connolly's Estate, 79 Mont. 445, 450, 257 P. 418, 421, this court said: "The administration of estates is peculiarly within the cognizance of equity, and the court, in adjusting the accounts of executors and administrators, is governed by principles of equity, as well as of law. The court is not fettered by any rule of law from doing exact justice as between all parties in interest. In re Niles, 113 N.Y. 547, 21 N.E. 687. And in proceedings of an equitable nature, this court will, in proper cases, review all question of fact arising from the evidence presented by the record, and determine the same, as well as questions of law. Section 8805, Rev.Codes 1921 [now R.C.M.1947, § 93-216]."
We find no reversible error in the record as to any of the trial court's rulings on appellant's objections and must therefore affirm the orders of the trial court. In re Isenberg's Estate. 63 Cal.App.2d 214, 146 P.2d 424. Accordingly, the orders allowing, approving and settling the final account and the decree of distribution entered in said estate are affirmed and the respondents shall have and receive their costs of and from the appellant, Edward R. Sikorski.
BOTTOMLY, FREEBOURN, ANGSTMAN, and ANDERSON, JJ., concur.